UNION TRUST COMPANY *v.* LIONEL JACKSON, SR., ET AL.
(14750)

Dupont, C. J., and Landau and Heiman, Js.

Argued May 28—officially released July 30, 1996

*Robert J. Cooney*, with whom was *Michael C. Deakin*, for the appellants (defendants).

*Paul E. Burns*, with whom were *Kristi M. Agniel* and, on the brief, *Michael A. Pignatella*, for the appellee (plaintiff).

DUPONT, C. J. The defendants appeal from the granting of a summary judgment in favor of the plaintiff in an action to collect a loan evidenced by an unsecured promissory note payable on demand. The defendants claim on appeal that the trial court improperly granted the plaintiff's motion for summary judgment because genuine issues of material fact exist that would preclude judgment for the plaintiff as a matter of law. The dispositive issue is whether there is a genuine issue of material fact as to whether there was an oral agreement by the

parties to modify the terms of the promissory note, and, if so, whether partial performance of the alleged oral agreement satisfied the statute of frauds. General Statutes § 52-550 (a) (6).[1]

It is undisputed that in April, 1989, the defendants, Lionel Jackson and Patricia Jackson, executed and delivered a loan agreement with the plaintiff, Union Trust Company (Union Trust). Union Trust loaned the defendants $452,000 pursuant to the terms of the note, which provided that starting on June 1, 1989, the defendants were to pay the interest due on the loan on a monthly basis. The note also permitted the bank to request additional collateral and also to require the defendants to pay the principal in full on demand.

The defendants allege that in June, 1991, their attorney went to Union Trust and explained that the defendants were no longer in a financial position to pay the loan on demand should Union Trust require it. The defendants allege in one of their special defenses that during this meeting the defendants' attorney and the plaintiff entered into an oral modification of the agreement, which provided that the defendants would pay Union Trust $5000 per month plus interest, provided that the bank did not demand the full payment of the loan. The plaintiff denies that such an oral agreement existed.

It is undisputed that on both June 30 and July 30, 1991, the defendants made payments to Union Trust of $5000 plus interest. The plaintiff does not dispute that the payments were made, but does dispute that they were made as part of any oral agreement. The defend-

---

[1] General Statutes §52-550 provides in relevant part: "Statute of frauds; Written agreement or memorandum. (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars. . . ."

ants failed to comply with Union Trust's request for additional collateral on the loan, and they failed to repay the balance of the loan as requested by the plaintiff on August 2, 1991.

The plaintiff's complaint, in two counts, alleges causes of action in breach of contract and unjust enrichment. The trial court rendered summary judgment on the complaint.[2] The defendants asserted five special defenses. The defenses were modification, novation, waiver, accord and satisfaction, and bad faith in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The plaintiff moved to strike these special defenses for legal insufficiency, and the trial court, *Katz, J.*, granted the motion, whereupon the defendants repleaded.

The defendants raise two issues on appeal. They claim that the trial court improperly rendered summary judgment because genuine issues of material fact exist as to whether (1) there was an oral agreement, and if so, whether there was consideration for it, and (2) the two monthly payments of $5000 constituted part performance of that oral agreement. We agree with the defendants and conclude that the summary judgment rendered by the trial court should be reversed.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[2] The trial court's memorandum of decision discusses only the action in breach of contract. The court, therefore, did not need to address the plaintiff's alternative cause of action of unjust enrichment. The judgment file indicates judgment was rendered on the complaint and therefore there is a final judgment.

to judgment as a matter of law." The trial court must " 'view the evidence in the light most favorable to the nonmoving party.' " *Water & Way Properties* v. *Colt's Mfg. Co.*, 230 Conn. 660, 664, 646 A.2d 143 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 247, 618 A.2d 506 (1992); *Connell* v. *Colwell*, 214 Conn. 242, 251, 571 A.2d 116 (1990). The mere presence of an adverse claim will not in itself defeat the motion. *Wadia Enterprises, Inc.* v. *Hirschfeld*, supra, 247.

The plaintiff claims that a summary judgment is proper because all of the special defenses are legally insufficient. Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment. "[S]ince a single valid defense may defeat recovery, claimant's motion for summary judgment should be denied when any defense presents significant fact issues that should be tried." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure (2d Ed. 1983) § 2734. The case of *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985), follows this authority.

We do not agree with the plaintiff that the defense of modification is legally insufficient.[3] Whether this defense is valid depends on an issue of material fact, namely, whether the parties agreed to a valid oral modification of the prior written agreement, and whether the defendants partially performed that modification.

---

[3] In view of our conclusion, we do not address the merits of the plaintiff's claims as to the other special defenses.

In its memorandum of decision striking the special defenses, the trial court emphasized that the defense of modification was improper because the defendants could show neither mutual assent nor new consideration for their subsequent oral agreement. Whether there was mutual assent, however, is, in and of itself, a question of fact that goes to whether the parties actually agreed to the modification. Assuming that they did agree to such an arrangement, a trier of fact would then need to answer the question of whether there was new consideration on the basis of the defendants' alleged agreement to pay the plaintiff $60,000 a year plus interest in exchange for the plaintiff's promise not to demand the entire loan at once.

The defendants claim that the dispute over whether there was an oral agreement and whether the two payments constituted part performance of that agreement are genuine issues of material fact. The trial court found that the existence of the oral contract did not create an issue of material fact because "the payments can be naturally and reasonably accounted for by the existence of the written agreement." The trial court relied on the standard established in *Ubysz* v. *DiPietro*, 185 Conn. 47, 440 A.2d 830 (1981). " 'The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute . . . .' " Id., 54. We agree that the *Ubysz* standard is applicable here, but, even after the application of that standard, a factual issue still exists as to whether the two $5000 payments were made pursuant to the original agreement or pursuant to the alleged modification.

A material fact is one that makes a difference in the outcome of a case. *Catz* v. *Rubenstein*, 201 Conn. 39, 48, 513 A.2d 98 (1986). In granting summary judgment, the court relies on the same criteria it would in

determining whether a party would be entitled to a directed verdict on the same facts. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 375, 260 A.2d 596 (1969); accord *Connell* v. *Colwell,* supra, 214 Conn. 247.

A modification of a written agreement must be in writing to satisfy the statute of frauds. General Statutes § 52-550 (a) (6).[4] Since the defendants do not deny that their alleged modification was not in writing, any modification is governed by the statute of frauds. The question of whether the parties had an oral contract is material, if, and only if, a trier of fact were to find that there was an oral agreement for which there was consideration, and that the defendants had partly performed that agreement.

"[A] contract is enforceable, despite the statute [of frauds], when, subsequent to the making of the contract, there has been conduct that amounts to part performance." *Heyman* v. *CBS, Inc.,* 178 Conn. 215, 222, 423 A.2d 887 (1979). In other words, a trier of fact would need to determine whether there was a modification of the original agreement and the terms of that modification, in order to determine whether there was part performance by the defendants on that modification. The combination of these questions would affect the outcome of the case, because partial performance by the defendants, if proven, would take their oral modification out of the statute of frauds.

The defendants have provided sufficient documentation to create an issue of material fact. Generally, issues involving motive and intent are not properly resolved on a motion for summary judgment. *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 224 Conn. 250; *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 309, 407 A.2d 971 (1978); *United Oil Co.* v. *Urban Redevelopment*

---

[4] See footnote 1.

*Commission,* supra, 158 Conn. 376. There is such an issue here, namely, what the parties intended by the payment and the acceptance of the two $5000 payments.

Even with respect to questions of motive and intent, however, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 24 Conn. 250. The plaintiff, in support of its motion for summary judgment, presented two affidavits from bank officers to prove its position, as well as the original loan agreement. The factual matters the defendants have put forth are in the deposition of the attorney who they allege negotiated the modification for them. This is enough of a factual predicate to create an issue of material fact.[5]

The defendants' special defense of modification involves genuine issues of material fact, which could preclude a judgment for the plaintiff as a matter of law. We conclude, therefore, that the trial court improperly granted summary judgment.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

---

[5] The attorney's deposition gives an account of his meeting with bank employees where the alleged modification took place.