[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, St. Luke's Foundation, Inc., has moved (#115) for summary judgment pursuant to Practice Book § 384 in connection with a promissory note executed by the defendants, Larry Blankenship and Kathryn Blankenship, payable to the plaintiff for schooling provided to their son. The affidavit submitted by the headmaster of the plaintiff indicates that the note in question was signed by the defendants on February 1, 1993, and that there remains a balance due of $2,751.60 in CT Page 4616 principal for a total of $4,737.97, which includes interest, attorney's fees and costs of collection.
In opposing the granting of summary judgment, the defendants submitted an affidavit that the plaintiff had "agreed to modify" the promissory note in question by accepting $50 a month. The defendants attached to their affidavit copies of five checks payable to and negotiated by the plaintiff, each in the amount of $50, starting with July, 1996, through and including November, 1996. Also attached to their affidavit is a copy of a letter to the plaintiff "confirming our conversation" that the plaintiff would accept $50 a month and enclosing a check for $50 as the first payment.
The standards for the granting of summary judgment were summarized by the Appellate Court in the recent case ofSchratwieser v. Hartford Casualty Insurance, 44 Conn. App. 754,757, ___ A.2d ___ (1997), as follows: (i) the movant has the burden of demonstrating that there are no genuine issues of material fact; (ii) a material fact is one that makes a difference in the outcome of the case; (iii) the evidence must be viewed in a light most favorably to the nonmovant; and (iv) the movant would be entitled to a directed verdict on the same facts.
The disposition of the plaintiff's motion for summary judgment is governed by Union Trust Company v. Jackson,42 Conn. App. 413, 679 A.2d 421 (1996), where summary judgment was denied because of the existence of genuine issues of material fact. The Jacksons had executed a demand promissory note in favor of the plaintiff. However, the Jacksons claimed that the plaintiff had agreed to accept monthly payments of $5,000 and that it would not accelerate the note. The Jacksons made two payments of $5,000 each to the plaintiff bank. In resisting summary judgment for the entire balance, the defendants claimed that the plaintiff had agreed orally to modify the original note for consideration and that their two payments constituted part performance. "We do not agree with the plaintiff that the defense of modification is legally insufficient. Whether this defense is valid depends on an issue of material fact, namely, whether the parties agreed to a valid oral modification of the prior written agreement, and whether the defendants partially performed that modification." Id., 417. The court went on to say that whether the parties had entered into an oral modification which had been partially performed involved issues of "motive and intent [which] are not properly resolved on a motion for summary judgment." Id., 419. CT Page 4617
Based on the Jackson case, it appears that the affidavit submitted by the defendants in this present case, which asserts an oral modification and part performance, is "enough of a factual predicate to create an issue of material fact." UnionTrust Company v. Jackson, supra, 42 Conn. App. 420. Hence, the motion for summary judgment filed by the plaintiff is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th a day of April, 1997.
William B. Lewis, Judge