[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#119.00)
The plaintiff, Pension Benefit Guarantee Corporation, is seeking foreclosure of a judgment lien against certain real estate owned by the defendant, Robert Thompson. In January, 1995, the parties entered into a stipulation of judgment in favor of the plaintiff for $700,000. In June, 1995, the plaintiff obtained a judgment lien based on the stipulation of judgment. The plaintiff brought the present action to foreclose the judgment lien. The defendant has filed a disclosure of defense which asserts that the provided stock to the plaintiff in an amount equal to or greater than the amount claimed due. The plaintiffs filed this motion for summary judgment on April 17, 1998.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact a party opposing CT Page 5989 summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact. are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." (Internal quotation marks omitted.) Maffucci v. Royal ParkLtd. Partnership. 243 Conn. 552, 554, 707 A.2d 15 (1998)
In support of the motion for summary judgment, the plaintiff submitted several documents including a copy of the stipulation of judgment; a copy of the judgment lien; a copy of the defendant's disclosure of defense; and an uncertified portion of defendant's deposition testimony.[1] In opposition to the motion, the defendant submitted his affidavit.
The stipulation of judgment was entered into by the parties in 1995. Pursuant to the stipulation, the parties agreed that a judgment of $700,000 would enter in favor of the plaintiffs. Paragraph 3 of that stipulation provides that other than the $700,000, "all parties hereby agree to waive and release each other from all claims of damages of any and every nature, including attorney's fees and costs, that might otherwise exist by and between the parties."
The defendant asserts in his affidavit that the release in the stipulation did not include release of "his claim of prior satisfaction of the amounts claimed," but only released the parties for "damages." The defendant argues that summary judgment is inappropriate because there is a genuine issue of material fact regarding whether the amount owed under the judgment, the basis for the judgment lien, has been satisfied.
The problem with this defense is that the alleged satisfaction occurred five to six years prior to the stipulation of judgment signed by this defendant. The defendant testified in his deposition that the stock to which he was referring in his disclosure of defense was stock the provided to the plaintiff in 1989 or 1990. In addition to the deposition testimony, the defendant's own affidavit refers to his defense as a claim of "prior satisfaction," i.e., satisfaction prior to the stipulation of judgment. The defendant is attempting to prevent foreclosure of this judgment lien, which is based on a judgment to which he stipulated, by asserting that he satisfied the underlying debt CT Page 5990 five to six years before stipulating to the judgment.
Because "a single valid defense may defeat recovery," a movant's summary judgment motion "should be denied when any defense presents significant fact issues that should be tried." (Internal quotation marks omitted.) Union Trust Company Jackson,42 Conn. App. 413, 417, 679 A.2d 421 (1996). In the present case, the court finds that the defense of satisfaction of an amount due pursuant to a judgment, based on a stock transfer that occurredprior to that judgment, is not a valid defense which presents fact issues that should be tried.
Viewing the evidence in the light most favorable to the nonmoving party, the defendant, the court finds that there are no genuine issues of material fact. For the foregoing reasons, the plaintiff's motion for summary judgment is granted.
WILLIAM F. HICKEY J.