[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed a complaint against the defendant, owner of a tenement house, alleging negligence against the defendant for, inter alia, failing to provide a safe stairway, upon which the plaintiff fell and was injured. The defendant filed an answer and a special defense alleging that the plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing his injuries.
The plaintiff filed this motion for summary judgment as to the liability of the defendant with an accompanying memorandum and affidavit. In his memorandum the plaintiff argues that he is entitled to summary judgment since "[t]he negligence of the defendant is clear cut" based on the allegations in the complaint and his affidavit reiterating those allegations.
"Practice book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings. affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue CT Page 10125 of material fact." (Internal quotation marks omitted.) Spencer v.Good Earth Restaurant Corp. , 164 Conn. 194, 197-98, 319 A.2d 403
(1972); see Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984). "The test . . . is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; internal quotation marks omitted.) Spencer v.Good Earth Restaurant Corp. , supra. 164 Conn. 198.
"Litigants have a constitutional right to have issues of fact decided by a jury. . . . Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted; internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 434. 362 A.2d 857 (1975); see Fogarty v.Rashaw, supra, 193 Conn. 446; Spencer v. Good Earth RestaurantCorp. , supra, 164 Conn. 198-99.
In addition, because "a single valid defense may defeat recovery," a movant's summary judgment motion "should be denied when any defense presents significant fact issues that should be tried." (Internal quotation marks omitted.) Union Trust Co. v.Jackson, 42 Conn. App. 413, 417, 679 A.2d 421 (1996).
The issue of whether the defendant was negligent in the present matter is not properly resolved on a motion for summary judgment because such an issue necessarily involves the consideration of facts by a jury. It cannot be said that the trier of fact could not reasonably reach any other conclusion than that embodied in a directed verdict for the plaintiff. Moreover, the defendant's special defense presents significant fact issues that should be tried. CT Page 10126
Therefore, the plaintiff s motion for summary judgment is denied.
D'ANDREA, J.