[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Joe Curcurato has brought this action alleging that on January 1, 1996 he sustained personal injuries as a result of falling on accumulated ice and snow in the parking lot of a 7-Eleven store at 1276 Meriden Road, Waterbury (the "premises.") The defendants Southland Corporation, John P. Thompson and E.M. Monk have moved for summary judgment, contending that they did not have possession and control of the premises at that time and therefore had no duty to maintain the premises.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, E 650 (1991) . A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries,Inc., 178 Conn. 262, 268-69 (1979) . Because the burden of proof CT Page 13064 is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachosv. CBS, Inc., 196 Conn. 91, 111 (1986) . "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing [the motion] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781
(1991) .
A party opposing summary judgment must substantiate its adverse claim with evidence that discloses the existence of a genuine issue of material fact. Haesche v. Kissner,229 Conn. 213, 217 (1994). The party opposing summary judgment "must present a factual predicate for his argument in order to raise a genuine issue of fact ." Union Trust Co. v. Jackson,42 Conn. App. 413, 420 (1996) .
The affidavit submitted by the defendants in support of their motion for summary judgment establishes that on January 1, 1996 the 7-Eleven store at the premises was occupied and operated by a franchisee pursuant to a written franchise agreement with Southland Corporation as franchisor for 7-Eleven. Paragraph 18 of the agreement reads in pertinent part, "Except to the extent otherwise assumed by 7-Eleven, Franchisee shall be responsible for all maintenance, repairs, replacements, janitorial services, and expenses relating to the Store and Equipment, including: . . . (iii) clearing of the parking lot and walk areas (including snow and ice removal) . . . If the Store, the Equipment, or the landscape is not so maintained, and such condition continues 72 hours after notice . . . 7-Eleven may cause such maintenance to be performed at Franchisee's expense . . ." The affidavit further states that during the term of the franchise agreement, which included January 1, 1996, Southland Corporation never entered the premises to remove ice or snow nor did it exercise any possession or control of the premises. The affidavit is silent as to the defendants Thompson and Monk. Certain claims about these defendants are made in their memorandum of law in support of the motion for summary judgment, but these claims are not substantiated by the affidavit.
The plaintiff submitted two affidavits in opposition to the motion for summary judgment. The plaintiff's own affidavit sets forth the facts concerning his injury and then states that the CT Page 13065 7-Eleven Store "appeared to be under the immediate and direct control of 7-Eleven because of the many signs and logos to that effect." The second affidavit is that of a title searcher who states that on the date of the plaintiff's injuries, Thompson and Monk, two trustees under the Southland Employees' Trust Agreement, were the owners of the premises.
Liability for injuries caused by defective premises is based upon possession and control and not upon title. Farlow v. AndrewsCorp. , 154 Conn. 220, 225 (1966). "Control" with respect to premises refers to "the power or authority to manage, superintend, direct or oversee." Panaroni v. Johnson,158 Conn. 92, 98 (1969). Where the lease does not definitively resolve the issue of control, the actual use of the premises and the circumstances surrounding its use become dispositive as to the issue of actual control. Id., 98-99.
The affidavit and agreement submitted by the defendants appear to establish that there is no genuine issue of fact that Southland lacked possession or control of the premises on the date when the plaintiffs's injuries occurred. The only evidence submitted by the plaintiff on the issue of Southland's possession and control of the premises is the fact that the premises contained "7-Eleven" signs and logos. The presence of the signs and logos, however, is explained by the franchise agreement between Southland and the franchisee, which gives the franchisee the license to use the "7-Eleven" service mark. In light of the license provision of the franchise agreement, the existence of "7-Eleven" signs at the premises is not evidence that demonstrates a genuine issue of fact concerning Southland's possession or control of the premises.
The court finds based on the affidavits presented that there is no genuine issue of fact that Southland lacked possession or control of the premises on the date of the plaintiff's injuries. The motion for summary judgment is therefore granted as to Southland Corporation.
The motion for summary judgment is denied, however, with respect to the defendants Thompson and Monk. The affidavit filed by the defendants sets forth no facts at all with respect to the possession or control of the premises by these defendants on January 1, 1996 or on any other date. The court therefore is unable to find that there is no genuine issue of fact as to their possession or control of the premises at the time when the CT Page 13066 plaintiff was injured.
VERTEFEUILLE, J.