[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#114)
 FACTS
This action was commenced on July 26, 1999 when the plaintiff, Homeside Lending, Inc., filed a complaint in a single. count, seeking foreclosure of a mortgage on certain property owned by the defendant, Christine M. Haggerty. The plaintiff filed an amended complaint on November 5, 1999, correcting certain errors in the original complaint. In the amended complaint, the plaintiff alleges that. the defendant mortgaged the premises located at 21 Overlook Avenue in Groton to the Norwich Savings Society on January 5, 1996 as security for a promissory note in the amount of $80,000. The plaintiff alleges that it is the current owner of the note and mortgage by virtue of an assignment on February 16, 1999. The plaintiff further alleges that the note and mortgage are in default by virtue of nonpayment of the installments due on March 1, 1999 and each month thereafter.
The defendant filed an answer and two special defenses on October 25, 1999.[1] In her answer, the defendant admits that she owns the property in question but claims insufficient knowledge as to all other facts alleged in the complaint. In her first special defense, the defendant alleges that she is unemployed or underemployed and is therefore entitled to relief under General Statutes §§ 49-31d to 49-31i. In her second special defense, the defendant alleges that she and a previous owner of the mortgage agreed that she could be sixty to ninety days behind in her payments.
On January 3, 2000, the plaintiff filed a motion for summary judgment as to liability. In support of the motion, the plaintiff has submitted affidavits, other documentary evidence including copies of the relevant land records, and a memorandum of law. The defendant has not filed an objection, memorandum, or any affidavits or other evidence in response to the plaintiff's motion for summary judgment.
 DISCUSSION
CT Page 6102
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Doucette v. Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999); see also Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21,24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.)Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotations marks omitted.) Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107
(1997).
To make out a prima facie case in a foreclosure action, a plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note. "Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999). The plaintiff has provided copies of the mortgage agreement and promissory note given by the plaintiff to the Norwich Savings Society on January 5, 1996 and a certificate showing that the Norwich Savings Society subsequently changed its name to People's Bank. Also submitted by the plaintiff is a copy of the deed, dated February 16, 1999, by which People's Bank assigned the note and mortgage to the plaintiff. The Vice President of the plaintiff corporation states in her affidavit that the note and mortgage are now in default by virtue of nonpayment of the installments due on March 1, 1999 and each month thereafter. As stated previously, the defendant has submitted no evidence in opposition to the plaintiff's motion. The plaintiff's evidence is therefore undisputed, and the plaintiff has made out a prima facie case. CT Page 6103
Because the plaintiff has made out its prima facie case, the motion for summary judgment will be granted unless at least one of the special defenses is valid. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book §10-50. "Only one of the [defendant's] defenses needs to be valid in order to overcome the motion for summary judgment." Union Trust Companyv. Jackson, 42 Conn. App. 413, 417, 679 A.2d 421 (1996).
The defendant's first special defense alleges that the defendant is entitled to relief under General Statutes §§ 49-31d to 49-31i. Those sections provide a restructuring of mortgage debt under certain circumstances when a foreclosure defendant is unemployed or underemployed. General Statutes § 49-31e (b) provides that "[a] homeowner who is given notice of the availability of the provisions of sections 49-31d to 49-31i, inclusive, must make application for protection from foreclosure within twenty-five days of the return day." This time limit is strictly construed by our courts. See NationswideSouth v. Batholomew, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156190 (October 22, 1997,Hickey, J.); Fleet Bank v. Holmes, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 399662 (January 27, 1992,Satter, J.T.R.) (5 Conn.L.Rptr. 532).
In the present case, the return date was August 10, 1999. The original complaint was accompanied by a notice informing the defendant of the availability of General Statutes §§ 49-31d to 49-31i. The defendant has failed to file an application pursuant to General Statutes § 49-31e
(2), either before or after the twenty-five day time limit. Furthermore, General Statutes § 49-31f (g) provides that "[n]o homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section." By failing to timely file an application for protection from foreclosure and by filing two special defenses, the defendant has waived her right to claim protection under General Statutes §§ 49-31d to 49-31i. Consequently, the first special defense is insufficient to defeat the plaintiff's motion for summary judgment.
In her second special defense, the defendant alleges that she had an agreement with People's Bank, the previous owner of the note and mortgage, that she could be sixty to ninety days behind in her payments. The plaintiff argues that this is not a valid special defense in this foreclosure action because the mortgage and promissory note contain CT Page 6104 nonwaiver clauses. The mortgage provides in ¶ 11 that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy." The promissory note provides, in ¶ 6(D), that "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time."
Our Supreme Court has held that inclusion of a nonwaiver clause will defeat the inference of waiver that would normally arise from a mortgagee accepting payments after the mortgagor's default. "While inconsistent conduct may, under certain circumstances, be deemed a waiver of a right to acceleration, the insertion of a nonwaiver clause is designed to avoid exactly such an inference. . . . Thus, the plaintiff's earlier election to accept late payments rather than to enforce acceleration [does] not operate as a waiver of his contractual right to accelerate." (Citation omitted.) Christensen v. Cutaia,211 Conn. 613, 619-20, 560 A.2d 456 (1989). The second special defense, like the first, is therefore insufficient to defeat the plaintiff's motion for summary judgment.
Furthermore, even if either of the defendant's special defenses were legally sufficient, the defendant has failed to produce any evidence whatsoever in support of either defense. As noted previously, a party opposing a motion for summary judgment must produce some evidence demonstrating the existence of a genuine issue of material fact. HomeIns. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
 CONCLUSION
The plaintiff has produced sufficient evidence to prove the basic elements of a foreclosure action, and the defendant has offered no evidence in opposition to the motion for summary judgment. Furthermore, the defendant's special defenses are legally insufficient to defeat the plaintiff's motion. Consequently, the plaintiff's motion for summary judgment is granted.
Martin, J.