[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Warren A. Terwilliger, as administrator of the estate of Nanette Terwilliger, deceased, seeks to collect on a promissory note signed by the defendant, Robert L. Newman, and payable to the decedent. In the first count of the two count complaint, the plaintiff alleges that the defendant executed a note dated September 28, 1998, payable to the decedent for $219,000, which the defendant has failed and refused to pay, starting with the installment due on the last day of January, 1999. In the second count of the complaint, the plaintiff alleges that this failure to pay constitutes a theft under General Statutes § 52-564
and entitles him to recover treble damages from the defendant.
The defendant denied the material allegations of the complaint except he did agree that he had executed the promissory note with the decedent as payee. The defendant also filed five special defenses. The essence of the defenses is that the defendant had in fact been making timely payments of the monthly installments called for in the note but had, at the request of the payee, who was his sister, been making such payments into an escrow account for the benefit of the decedent's two minor daughters.
The plaintiff has moved (#106) for summary judgment as authorized by Practice Book § 17-49 based on the existence of the promissory note and the fact that payment has not been made to the payee, in this case the administrator of the payee's estate. In opposing summary judgment the defendant has filed three affidavits, including his own. The defendant's affidavit sets forth the following facts: (1) that the decedent, who was his sister, died on January 17, 1999; (2) that he executed the note in payment of his sister's share of family property in Uniontown, Pennsylvania that she deeded to him; (3) that both in late November, 1998, and on Christmas Eve of that year, the decedent advised the defendant that the plaintiff had commenced a divorce action against her and that she wanted the proceeds of the note in question to be used for the education of her two daughters; (4) that he was instructed by the decedent to do whatever was necessary to insure that the money was used for that purpose; (5) that after his sister's death he advised the plaintiff of the decedent's wishes and thereafter established an escrow CT Page 7896 account for the benefit of the two children; and (6) that he has made every payment required under the terms of the note.
The next affidavit is by the defendant's former wife, Joan Newman. She states that in September of 1998, she and the decedent were discussing that fact the decedent was estranged from her husband, the plaintiff, who had commenced a divorce action against her. Joan Newman further states that the decedent told her that she wanted the payments on the note to be used for educational expenses for her two daughters. The third affidavit is by an attorney in Pittsburg who states that at the request of the defendant he established an escrow account at the National City Bank of Pennsylvania for the benefit of the two daughters and used the social security number of the decedent on that account. The attorney further states that the defendant has been making timely payments on the note in question to this account and attached bank statements confirming such deposits and a balance therein of approximately $61,715. The criteria for the granting of a motion for summary judgment are well know and were reiterated just two days ago in Doty v. Shawmut Bank, 58 Conn. App. 427, ___ A.2d ___ (2000). The factors to be considered are: (1) the motion may be granted only if the moving party is entitled to judgment as a matter of law; (2) the movant must show the nonexistence of any material fact by bringing forth "evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute;" (3) the nonmoving party must show that there is a genuine issue of material fact "together with the evidence disclosing the existence of such an issue;" (4) "the non-movant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents;" (5) a non-movant may not rely on "mere speculation or conjecture as to the true nature of the facts;" and (6) the evidence must be viewed "in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 430-31.
The affidavits submitted by the defendant in opposition to summary judgment clearly demonstrate that there are indeed genuine issues of material facts preventing the issuance of summary judgment. The case ofUnion Trust Co. v. Jackson, 42 Conn. App. 413, 679 A.2d 421 (1996), illustrates the existence of such issues.[1] That case involved a promissory note and the impact of an alleged oral modification of its terms. "Whether this defense is valid depends on an issue of material fact, namely, whether the parties agreed to a valid oral modification of the prior written agreement, and whether the defendants partially performed that modification." Id., 417. The affidavits submitted by the defendant call into question the intent of the plaintiff's decedent regarding to whom the payment of the note should be directed, her estate or to an escrow account for the education of her children. It is axiomatic that issues of "motive and intent are not properly resolved on a motion for summary judgment." Id., 419. CT Page 7897
Therefore, the plaintiff's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of June, 2000.
William B. Lewis, Judge