[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
On July 2, 1999, the plaintiffs, Ro-Tam Sheetmetal Co. ("Ro-Tam") and its president, Ralph Tamburri filed a revised complaint alleging nine counts against the defendants, Nu-Way Heating Air Conditioning Corp. ("Nu-Way") and its president John Shiboski.
The relevant undisputed facts of this case, as conceded to by the defendants in their memorandum, are as follows. In or about October, 1997, the plaintiffs entered into an oral agreement whereby the defendants would purchase all assets, customer lists, equipment, supplies, phone numbers and vehicles owned by Ro-Tam for $25,000 to be paid to Tamburri, at a rate of $1041.66 a month for twenty four months. The defendants, however, only paid $6249.66. The parties also agreed that CT Page 14722 Nu-Way would employ Tamburri for two years as a salaried employee. Said agreement was evidenced in a writing that was never signed by either party. As per the agreement, Ro-Tam transferred over all its assets, customer lists, equipment and supplies to Nu-Way.
In November, 1997, Tamburri began his employment as a salaried employee of Nu-Way. On or about May 15, 1998, Shiboski informed Tamburri that his services would no longer be needed except on a commission basis. Thereafter, Shiboski changed the locks on the doors at Nu-Way and denied Tamburri access thereto. Tamburri then demanded return of all assets, customer lists, equipment and supplies. When the defendants denied this request, the plaintiffs instituted the present suit. In the complaint, the plaintiffs assert nine causes of action against the defendants, including a cause of action for breach of contract. The defendants filed their answer and special defenses on December 1, 1999. In their two special defenses, the defendants assert their performance of the contract is excused due to the plaintiffs' breach of contract and the plaintiffs' failure to mitigate damages.
On June 8, 2001, the plaintiffs moved for partial summary judgment on their cause of action for breach of contract on the ground that there is no question of fact before the court with regard to the existence of the parties' agreement that the defendants were to purchase Ro-Tam for $25,000. The plaintiffs argue that because there is no question as to these facts, the defendants have an obligation to complete performance and pay them the balance of the purchase price. The defendants filed an objection to the motion for summary judgment along with a memorandum. The plaintiffs responded in a reply memorandum.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." Community Action forGreater Middlesex County, Inc. v. American Alliance Ins. Co.,254 Conn. 387, 397-398, 757 A.2d 1074 (2000).
In the present case, the plaintiffs base their motion for partial summary judgment on the assertion that there is no genuine issue of material fact that the parties agreed that Ro-Tam would pay Tamburri $25,000 in twenty-four equal monthly installments of $1041.66 for the assets, equipment, customer lists and supplies of Ro-Tam; the defendants CT Page 14723 paid the plaintiffs six installments totaling $6249.66; and the plaintiff's claim to the remaining $18,749.88[1] is valid. They argue the following facts are determinative: the parties entered into a purchase agreement; that the plaintiffs delivered and the defendants accepted the goods; the defendants commenced payments; but the balance remains due. The plaintiffs further argue that under the Uniform Commercial Code, General Statutes § 42a-2-606, once a buyer has an opportunity to inspect the goods and the buyer fails to make an effective rejection, the buyer has accepted. The defendants raise two arguments in opposition to the motion, that the agreement is oral and thus unenforceable pursuant to the statute of frauds, General Statutes §52-550(a); and that the plaintiff materially breached the agreement, thereby excusing further performance by the defendants.
The first issue is whether the plaintiffs have met their burden of establishing that there is no genuine issue of material facts as to their cause of action for breach of contract. "The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Citations omitted.) Consumer Incentive v. Memberworks, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362655 (April 25, 2000, Melville, J.). It is undisputed that the parties entered into an agreement and that the plaintiff performed by delivering the assets, equipment, supplies and customer lists. Both parties acknowledge that the defendants have not fully performed in that they have only paid a portion of the agreed price. The plaintiffs assert damages as a result of this purported breach.
Indeed, the defendants do not contend that the plaintiffs failed to provide sufficient evidence of the elements of a claim for breach of contract. Instead they argue that the plaintiffs' cause of action for breach of contract is barred by the statute of frauds. General Statutes § 52-550 provides that "[n]o civil action shall be maintained . . . upon any agreement that is not to be performed within one year from the making thereof. unless such agreement, or memorandum thereof, is made in writing and signed by the party to be charged. . . ." Here, the parties orally agreed to the sale of a business with payments being made over a period of two years. Under the statute of frauds, such an agreement should be evinced in a writing signed by the party to be charged.
"[A] contract is enforceable, despite the statute [of frauds], when, subsequent to the making of the contract, there has been conduct that amounts to part performance." Heyman v. CBS, Inc., 178 Conn. 215, 222,423 A.2d 887 (1979); Union Trust Company v. Jackson, 42 Conn. App. 413,419, 679 A.2d 421 (1996). "The acts of part performance must be of such a character that they can be reasonably accounted for in no other way than CT Page 14724 by the existence of some contract in relation to the subject matter in dispute." (Citations omitted.) Breen v. Phelps, 186 Conn. 86, 94,439 A.2d 1066 (1982).
Here, it is undisputed that pursuant to the agreement, the plaintiffs turn over the agreed property to the defendants and the defendants commenced making monthly payments to the plaintiffs and continued to do so for six months. (Defendants' Memorandum, Shiboski Affidavit ¶ 16; Plaintiffs' Motion, Tamburri Affidavit, ¶ 5). Businesses do not usually gratuitously hand over their assets nor make monthly payments to others in absence of some obligation to do so. The behavior of the parties could not reasonably be accounted for but for the existence of a contract between them. Said actions amount to the part performance necessary to defeat the statute of frauds defense. Thus, plaintiffs meet their preliminary burden of establishing the elements of a cause of action for breach of contract.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992). Presence of an adverse claim does not suffice to defeat such a motion. Id. Nor will assertions of fact standing alone defeat a motion for summary judgment. Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). The burden now shifts to the defendant to show the existence of some genuine issue as to a material fact.
The defendants also assert the special defense of excuse. They contend that there is a genuine issue of material fact as to whether the plaintiffs materially breached the agreement thereby excusing any further performance on the part of the defendants. When a breach of contract occurs, "[t]he contract is not put out of existence, though all further performance of the obligations of the parties may cease. . . ." (Internal quotation marks omitted.) Batter Building Materials Co. v. Kirschner,142 Conn. 1, 10, 110 A.2d 464 (1954). "[O]ne cannot recover upon a contract unless he has fully performed his own obligation under it. . . ." (Internal quotation marks omitted.) DiBella v. Widlitz, 207 Conn. 194,199, 541 A.2d 91 (1988).
The defendants do not merely allege that the plaintiffs materially breached the agreement, they also provide supporting evidence in the form of Shiboski's affidavit in which he avers that Tamburri made misrepresentations to him regarding the value of the property the CT Page 14725 defendants purchased from Ro-Tam. Specifically, Shiboski avers that much of the personal property that Tamburri represented was in serviceable condition was either never delivered, or was broken, unusable, worn out or had to be scrapped. (Defendants' Memorandum, Shiboski Affidavit, ¶¶ 6, 10).
 CONCLUSION
The evidence, hence, is sufficient to raise a genuine issue of a material fact as to whether the plaintiffs breached the agreement.
Accordingly, the motion for partial summary judgment is denied.
The Court
By ______________ Holden, J.