[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#122) AND MOTION TO BIFURCATE (#124)
On December 31, 1997, the defendant River Gardens Condominiums, LLC (River Gardens) was indebted to the plaintiff, Russell W. Waldo, in the amount of $2,497,000, as evidenced by a promissory note. The note was secured by a mortgage on certain real property in Waterford. The plaintiff seeks in the present action to foreclose that mortgage. CT Page 15832
In his revised complaint, filed on July 23, 2001, the plaintiff alleges the following additional facts. The mortgage and note make reference to a document titled "First Restated Agreement for Purchase and Sale of Real Estate" (purchase agreement). The plaintiff is still the holder of the note and owner of the mortgage, and the note has not been paid. The property is also encumbered by a prior mortgage in favor of PMJ Capital Corporation (PMJ). River Gardens has conveyed its interest in the property to the defendant R.H.M. Properties, Inc. (R.H.M.). The plaintiff has elected to accelerate the note to make the unpaid principal and interest immediately due and payable "by reason of the defendant's failure to pay taxes due the town of Waterford, the defendant's failure to perform its obligations under the first mortgage to PMJ Capitol Corp., the defendant's transfer of the property without the plaintiff's written consent and the defendant's failure to take reasonable steps toward the timely development of the property in accordance with the timetable agreed to by the plaintiff and the defendant River Gardens Condominiums, LLC."
River Gardens filed an answer including two special defenses and a counterclaim on May 8, 2001.[1] River Gardens admits the existence of the note and mortgage, denies that it conveyed its interest in the property to R.H.M., and claims insufficient knowledge to respond to the other allegations of the complaint. In its first special defense, River Gardens alleges that on or about March 24, 2000, the plaintiff and River Gardens entered into an agreement modifying and amending the note and mortgage, and that the original note and mortgage alleged in the complaint therefore do not represent the agreement of the parties. In its second special defense, River Gardens further alleges that the plaintiff breached the modifying agreement by failing either to amend the original mortgage and note or to provide new mortgage documents. In its counterclaim, River Gardens repeats the allegations of its special defenses and further alleges that the plaintiff's failure to provide amended or new mortgage documents constitutes an unfair and deceptive act or practice in violation of the Connecticut Unfair Trade Practices Act (CUTRA), General Statutes § 42-110a et seq. CT Page 15833
R.H.M. filed an answer including two special defenses and a counterclaim on August 30, 2001. R.H.M. admits that the note and mortgage deed were executed in favor of the plaintiff, denies the allegations of default, and claims insufficient knowledge to respond to the other allegations of the complaint. R.H.M.'s special defenses and counterclaim, like River Gardens', allege the existence of a modifying agreement. Specifically, in its first special defense, R.H.M. alleges that the plaintiff and River Gardens entered into an agreement constituting a novation that superceded any prior contractual obligations. In its second special defense, R.H.M. further alleges that River Gardens paid the plaintiff $400,000 in reliance on the novation agreement, and that the plaintiff should therefore be estopped from denying the existence of the agreement. In its counterclaim, R.H.M. repeats the allegations of its special defenses and seeks reformation of the mortgage documents to reflect the parties' novation agreement.
On July 9, 2001, the plaintiff filed a motion forsummary judgment accompanied by a memorandum of law, affidavits and other evidence. On the same day, the plaintiff also filed a motion to bifurcate the action for separate trials on the complaint and River Gardens' counterclaim. R.H.M. filed an objection to the motion for summary judgment, accompanied by an affidavit and a memorandum of law, on August 2, 2001. On August 3, 2001, River Gardens filed objections to both the motion for summary judgment and the motion to bifurcate. River Gardens' objection to the motion for summary judgment is accompanied by a memorandum of law and certain documentary evidence. The court heard oral argument on the motion for summary judgment on August 6, 2001.
 Discussion
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.)Witt v. St. Vincent's Medical Center, 252 Conn. 363, CT Page 15834 368, 746 A.2d 753 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue."Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202, 663 A.2d 1001 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotations marks omitted.) Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107
(1997).
"Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment. `[S]ince a single valid defense may defeat recovery, claimant's motion for summary judgment should be denied when any defense presents significant fact issues that should be tried.' 10A C. Wright, A. Miller 
M. Kane, Federal Practice and Procedure (2d Ed. 1983) § 2734. The case of Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985), follows this authority." UnionTrust Co. v. Jackson, 42 Conn. App. 413, 417, 679 A.2d 421
(1996).
As stated above, the essence of the defendants' special defenses is that the plaintiff and River Gardens entered into an agreement to restructure the mortgage, and that the plaintiff breached the agreement by failing to provide new or amended mortgage documents. River Gardens has submitted a copy of the restructuring agreement dated March 20, 2000 and signed by the plaintiff's attorney, Barry Cox, and River Gardens' attorney, Harry Hirsch, as well as the plaintiff and John Eoanou, "sole member of River Gardens Condominiums." The agreement provides for, inter alia, the withdrawal of a foreclosure action previously filed by the plaintiff in exchange for certain payments by Eoanou. It further provides that "[t]he parties' CT Page 15835 respective attorneys agree in good faith to cooperate in preparing documents reflecting this agreement, and effectuating the intent thereof, whether by modification of the present documents or by substituting new documents. It is intended that the new or modified documents be completed and signed promptly on or before April 1, 2000."
River Gardens has also submitted a copy of a letter dated August 30, 2000, from Hirsch to Cox, indicating that the plaintiff had failed to provide the new mortgage documents and that the absence of the new documents prevented River Gardens from obtaining financing necessary to the completion of the construction project on the subject property. A copy of Cox's response has been submitted by the plaintiff as an exhibit to his revised complaint. In the response letter, Cox states: "I have your fax of yesterday about my not getting the new agreement to you as promised. I am guilty of having put that off too long, but this is the first time anyone has suggested that lack of a signed new agreement has been holding up your client's financing."
The matter is complicated by the fact that the rights and duties of the parties are set forth not only in the original mortgage and note and the letter of understanding, but also in the original purchase agreement. That agreement is an eleven page document containing numerous provisions relating to the financing, construction and sale of condominium units. The precise relationship between the mortgage, note, purchase agreement and letter of understanding is not clear to the court based on the evidence presented by the parties pursuant to the present motion. Resolution of the special defenses will require findings of fact as to whether the plaintiff had a duty to provide new mortgage documents, whether the plaintiff failed to provide them, and the effect of such a failure on the defendants' duties under the various documents.
Our Appellate Court has recently reaffirmed that summary judgment is inappropriate in complex cases such as the present action. "Although there may be instances where complex litigation may be resolved by means of summary judgment, the teachings of our Supreme Court CT Page 15836 instruct us that summary judgment is generally disfavored in complex cases." Gould v. Mellick Sexton, 66 Conn. App. 542, 557, ___ A.2d ___ (2001). Thus, where a case concerned complicated financial transactions, the interpretation of various documents, the intent and motives of the parties and an issue of public policy, the Appellate Court determined that the trial court should not have resolved the dispute by means of summary judgment. Id. The same principle applies to the present case, in which resolution of the special defenses will require the finder of fact to consider a complex arrangement for the financing, purchase and development of the subject property, interpretation of several documents, and the intent of the parties. Consequently, the plaintiff's motion for summary judgment must be denied.[2]
With regard to his motion to bifurcate, the plaintiff argues that the trial of River Gardens' counterclaim seeking damages under CUTPA will unnecessarily hinder and delay the foreclosure action. River Gardens objects to the plaintiff's motion on the grounds that conducting separate trials would place an unnecessary burden on the court and the parties, and that the evidence and issues in the complaint and counterclaim are the same and can be convemently heard together.
General Statutes § 52-97 provides in relevant part: "[I]n any case in which several causes of action are joined in the same complaint, or as matter of counterclaim or set-off in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action or may direct that any one or more of them be expunged from the complaint or answer." See also Practice Book § 10-21.
The trial of River Gardens' counterclaim will primarily involve a determination of whether the plaintiff failed to provide new or amended mortgage documents and if so, whether that failure constitutes a violation of CUTPA. As the above discussion of the plaintiff's motion for summary judgment indicates, the special defenses to the plaintiff's foreclosure action will depend, at least in part, on proof that the plaintiff failed to provide new or amended mortgage CT Page 15837 documents and if so, whether that failure rendered the mortgage unenforceable. Consequently, separate trials on the complaint and counterclaim would result in significant duplication of effort. The motion to bifurcate is therefore denied.
 Conclusion
The defendants' special defenses present genuine issues of material fact relating to a complex real estate transaction, interpretation of several documents, and the intent of the parties, and therefore may not be resolved by way of summary judgment. The plaintiff's motion for summary judgment is denied.
The complaint and counterclaim present overlapping issues that, if tried separately, would result in a significant duplication of effort. The plaintiff's motion to bifurcate is therefore denied.
 D. Michael Hurley Judge Trial Referee