[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
On June 29, 2001, the plaintiff, Salomon Brothers Realty Corporation, commenced this foreclosure action against the defendants, Beth A. Noll and Victor R. Noll, seeking to foreclose the mortgage encumbering their property, located at 99 Celentano Drive in Naugatuck, Connecticut.
In the complaint, the plaintiff alleges that on December 29, 1993, the defendants executed and delivered to the McCue Mortgage Company a note in the amount of $103,000 and a mortgage securing its payment. The note and mortgage were assigned to several different entities including the secretary of housing and urban development. The secretary of housing and urban development subsequently assigned the note and mortgage to the plaintiff on January 29, 2001, recorded on May 7, 2001. The plaintiff further alleges that the defendants defaulted on their monthly installments due under the note and, as a result, the plaintiff has elected to accelerate the balance due and foreclose on the mortgage.
On December 3, 2001, the defendants filed their answer and special defense. The special defense averred that the plaintiff's agent, Litton Loan Servicing LP (Litton), sent a letter to Beth Noll on January 16, 2001, indicating that the loan was in arrears and that a payment of $4,400 would cure the default. Beth Noll subsequently paid $4,800 on January 24, 2001. This transaction allegedly constituted an accord and satisfaction and, therefore, the plaintiff is barred from bringing this foreclosure action.
On January 17, 2002, the plaintiff filed a motion for summary judgment as to liability, asserting that there are no genuine issues of material fact. The motion was accompanied by a supporting memorandum of law, pursuant to Practice Book § 11-10, and documentation along with a supporting affidavit of Debra Lyman, an assistant vice president of Litton, pursuant to Practice Book § 17-46. On January 30, 2002, the defendants filed their memorandum in opposition, along with documentation and a supporting affidavit of Beth Noll. On February 4, 2002, the plaintiff submitted a reply to the defendants1 memorandum in opposition.
Practice Book § 17-49 provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). [A] material fact is one which will make a difference in the result of the case." (Internal quotation marks omitted.) Williams v. Best Cleaners,CT Page 3768Inc., 237 Conn. 490, 500 n. 11, 677 A.2d 1356 (1996). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle [the party] to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Miles v.Foley, supra, 253 Conn. 386; see also Practice Book § 17-45.
The plaintiff moves for summary judgment on the ground that there are no issues of material fact as to the defendants' liability under the mortgage. "[W]hen examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted. . . . The court may grant a motion for summary judgment on liability only and hold hearing on damages at a later date." (Internal quotation marks omitted.)Estate of Baraglia v. Poulos, Superior Court, judicial district of New Britain, Docket No. 497776 (September 18, 2000, Kocay, J.).
To successfully establish a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999) "[A] foreclosure complaint must contain certain allegations includ[ing] allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right of foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief." (Internal quotation marks omitted.) New England Savings Bank v.Bedford Realty Corp., 246 Conn. 594, 610, 717 A.2d 713 (1998)
The plaintiff has provided copies of the mortgage deed, promissory note and the assignment of mortgage from the secretary of housing and urban development. (Motion for Summary Judgment, Exhibits A, B, F.) The plaintiff has further included an affidavit of Debra Lyons attesting to the plaintiff's ownership of the note as well as the defendants' default on the mortgage payments. (Motion for Summary Judgment, Lyons Affidavit, ¶¶ 8, 9, 11, 12.) The plaintiff has also proffered a series of correspondence indicating the defendants' default under the mortgage.[1]
(Motion for Summary Judgment, Exhibit I.) From the foregoing, it is clear that the plaintiff has established a prima facie case for a foreclosure action.
The defendants respond that the plaintiff's records are incomplete and inconsistent with respect to the defendants' account. They argue that this alleged ambiguity brings into question the amount of the outstanding CT Page 3769 debt and, therefore, raises issues of material fact. To support this assertion, the defendants rely on the letters they received from the plaintiff stating the amount necessary to bring the outstanding debt current. (Defendants' Memorandum, Exhibits A through H.) However, "a summary judgment . . . may be rendered on the issue of liability alone, although there is a genuine issue as to damages." See Practice Book § 17-50. Also see Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London, Docket No. 539966 (February 16, 2000,Martin, J.); Security Pacific National Bank v. Robertson, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 124622 (August 28, 1997, Hickey, J.). In light of the evidence presented, the defendants have failed to controvert the plaintiff's evidence and show that an issue of material fact exists as to liability.
"Because the plaintiff has made out its prima facie case, the motion for summary judgment will be granted unless at least one of the special defenses is valid." Homeside Lending, Inc. v. Haggerty, Superior Court, judicial district of New London at New London, Docket No. 551725 (May 19, 2000, Martin, J.). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book §10-50. "Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment." Union Trust Company v.Jackson, 42 Conn. App. 413, 417, 679 A.2d 421 (1996). "A special defense is legally insufficient if it contains allegations that are conclusory and contains no issuable facts to support it." Citicorp Mortgage v.Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (January 23, 2001, West, J.).
In the present case, the defendants assert that the plaintiff's letter dated January 16, 2001, and Beth Noll's compliance with the terms of that letter constitute an accord and satisfaction. The defendants properly alleged accord and satisfaction as a special defense. Practice Book § 10-50. The plaintiff counters that the defendants have failed to establish the existence of an accord and satisfaction. The defendants' assertion is without merit and, accordingly, does not raise an issue of material fact.
"When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim. . . . An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed . . . Without a CT Page 3770 mutual assent, or a meeting of the minds, there cannot be a valid accord." (Citations omitted; internal quotation marks omitted.) HerbertS. Newman Partners v. CFC Construction Ltd. Partnership, 236 Conn. 750,764, 674 A.2d 1313 (1996)
"To prove an accord and satisfaction, the defendant must show that at the time of the agreement there was a good faith dispute over the existence of a debt or over an amount owed, and that the debtor and the creditor negotiated a contract of accord to settle the claim. . . . The accord must be a new agreement based on new consideration. . . . The proponent must be able to show that there was a meeting of the minds, and that the offer by the debtor was clearly tendered as full satisfaction of the debt and that the payment was knowingly accepted." (Citations omitted.) Munroe v. Emhart Corp., 46 Conn. App. 37, 42, 699 A.2d 213, cert. denied, 243 Conn. 926, 701 A.2d 658 (1997)
The defendants argue that the plaintiff negotiated an accord in its letter dated January 16, 2001. Beth Noll subsequently tendered a check in the amount of $4,800 as directed by the letter and alleged phone conversations with agents of the plaintiff.[2] However, the January 16, 2001 letter does not support the defendants' assertion of an accord and satisfaction. The letter clearly states that "[a]dditional amounts may become due and payable under your Forbearance Agreement after the date of this letter." (Defendants' Memorandum, Exhibit B.) Clearly this letter pertains to the defendants' pre-existing duty to pay the amount due on the mortgage. Since the defendants have offered no evidence, notwithstanding the letter, substantiating their claim of accord and satisfaction and have thus failed to show a disputed issue of fact with respect to this defense, this defense is insufficient to deny the plaintiff's motion for summary judgment.
Based on the foregoing reasons, the plaintiff's motion for summary judgment is granted.
____________________, J. THOMAS G. WEST