STANLEY KENDZIERSKI *v.* LORETTA GOODSON
(7256)

BORDEN, SPALLONE and NORCOTT, Js.

---

Argued December 19, 1989—decision released May 8, 1990

*Shelley White,* with whom, on the brief, was *Charisse E. Hutton,* for the appellant (defendant).

*George R. Temple,* with whom, on the brief, was *Sean Orion Lebas,* for the appellee (plaintiff).

BORDEN, J. In this summary process action, the defendant tenant appeals from the judgment awarding possession to the plaintiff landlord. The defendant claims that the court erred in failing to require the plaintiff to demonstrate a good faith desire for a higher rent sufficient to constitute good cause for purposes of terminating the defendant's federally subsidized § 8 tenancy.[1] We find no error.

In 1980, the plaintiff rented a four bedroom apartment in Ansonia to the defendant for a monthly rent

---

[1] Section 8 of the United States Housing Act of 1937, as amended in 1974; 42 U.S.C. § 1437f; established the housing assistance payments program known as the Section 8 Existing Housing Program, which provides for various types of assisted housing. The purpose of the Section 8 program is to "[aid] lower-income families in obtaining a decent place to live and . . . [to promote] economically mixed housing . . . ." 42 U.S.C. § 1437f (a).

of $260, which had increased to $293 per month by the time of this action. In 1985, the plaintiff and the defendant entered the § 8 federal rent subsidy program, pursuant to 42 U.S.C. § 1437f and 24 C.F.R., ch. VIII. At that time, the parties executed a written lease for the rental of the apartment. An accompanying § 8 housing assistance payments contract was executed between the plaintiff and the Ansonia housing authority (authority). The lease, which began on July 1, 1985, had no set termination date. Instead, it provided for termination according to the provisions for terminating § 8 tenancies under the applicable federal statutes and regulations.

Under the § 8 program, the total rent for a particular unit is based on a schedule of fair market rents for the locality; 24 C.F.R. § 882.106; and a landlord's termination rights are subject to 42 U.S.C. § 1437f[2] and 24 C.F.R. § 882.215. A landlord may terminate a § 8 tenancy for various reasons that constitute "good cause"; 24 C.F.R. § 882.215 (c) (1) (iii); including a "desire to rent the unit at a higher rental." 24 C.F.R. § 882.215 (c) (2).[3]

The plaintiff brought this action to terminate the defendant's tenancy on the ground that he desired to rent the apartment at a higher rent. The trial court found that, although the apartment was classified as a four bedroom unit under the § 8 program, the defend-

---

[2] 42 U.S.C. § 1437f (d) (1) (B) (ii) provides that "[c]ontracts to make assistance payments entered into by a public housing agency with an owner of existing housing units shall provide (with respect to any unit) that—the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State or local law, or for other good cause."

[3] 24 C.F.R. § 882.215 (c) (2) provides in pertinent part that "[t]he following are some examples of 'other good cause' for termination of tenancy by the Owner: . . . a business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, desire to rent the unit at a higher rental)."

ant could receive a rent subsidy only on the basis of a one bedroom apartment because she was a single person who lived alone. There was evidence that the fair rental value of the apartment was between $600 and $700 per month. The court also found that, under the § 8 program, the rent subsidy was $420 for a one bedroom apartment, and $668 for a four bedroom apartment, and that "[t]he evidence of the plaintiff's desire for a higher rent was overwhelming." The court rendered judgment for the plaintiff. This appeal followed.

The defendant's claim that the court erred by rendering judgment for the plaintiff is in two parts: (1) the court ignored the federal good cause requirement for termination; and (2) the plaintiff failed to demonstrate that his stated desire for a higher rent was held in "good faith." We disagree.

We reject the defendant's argument that the court ignored the good cause requirement for termination. The principal issue at trial was whether the plaintiff met the good cause requirement as provided in the lease and the federal regulation. That issue was vigorously argued throughout the trial and in the oral arguments following the evidence. The court rendered judgment orally from the bench after the oral arguments, and filed an articulation of its ruling thereafter. Although the court did not explicitly use the term "good cause," it is clear, from the context of the court's ruling and from its specific finding that the plaintiff proved a desire for a higher rent, that its decision was based on the good cause requirement.

The defendant's argument in this respect is based on several remarks made by the court in the course of certain colloquies with the defendant's counsel during the proceedings. Those comments arguably indicated that the court erroneously perceived the legal status between the parties to be that of a conventional

landlord-tenant relationship unencumbered by the additional rights and duties arising out of § 8. The defendant has not demonstrated, however, that any such misperception formed the basis of the court's ultimate decision.

With respect to the defendant's second argument, namely, that the plaintiff failed to prove a "good faith" desire for a higher rent, we agree that 24 C.F.R. § 882.215 (c) (1) (iii) requires the landlord's desire for a higher rent to be held in good faith. In this case, however, the record supports the court's implied finding that the plaintiff established good faith.

In *Park Terrace Associates Limited Partnership* v. *Taylor,* 9 Conn. App. 477, 519 A.2d 1225 (1987), we assumed good faith to be a component of a § 8 landlord's desire for a higher rent pursuant to 24 C.F.R. § 882.215 (c) (2) (iii). In upholding the trial court's conclusion that federal law had been satisfied, we stated that "there was ample evidence to support the conclusion that the termination of the tenancy was motivated by a *good faith* desire to rent the unit at a higher rent." (Emphasis added.) Id., 480. This assumption stems from common sense. The "good cause" requirement for termination derives from the federal statute; see footnote 1, supra; and under the federal regulation implementing that statutory standard, the landlord's desire for a higher rent is one of the examples constituting good cause. See footnote 2, supra. It would be an aberrant reading, indeed, of the statutory and regulatory term, "good cause," if it were held to indicate a desire for a higher rent entertained without good faith or in bad faith.

This conclusion is buttressed by the regulatory commentary to 24 C.F.R. § 882.215 (c), and by a decision of at least one other appellate court that has specifically addressed this issue. The regulatory history of the

good cause requirement for termination refers as follows to the congressional conference report on the 1981 amendments to the § 8 program: "It is not the intention of the Conferees that these statutory provisions [on termination of tenancy] govern the relationship between a landlord and a tenant after a landlord has, *in good faith, terminated his participation in the sec. 8 existing program.* (H.R. Rep. No. 97-208, 97th Cong., 1st Sess. 695 (1981), *reprinted in* 1981 U. S. Code Cong. and Ad. News, 1010, 1053–54)." (Emphasis in original.) 49 Fed. Reg. 12234 (1984). The same regulatory history states that "[a]n owner who is withdrawing all units *in good faith* from participation in the program . . . has 'other good cause' for termination of tenancy." (Emphasis added.) Id. The regulatory history also refers to the need for explicit regulatory assurance "that *legitimate owner concerns* will be recognized as grounds for termination of tenancy." (Emphasis added.) Id., 12233. Furthermore, in *Templeton Arms* v. *Feins,* 220 N.J. Super. 1, 16–17, 531 A.2d 361 (1987), the Appellate Division of the New Jersey Superior Court specifically addressed the relationship between "good cause" and "good faith" in the context of termination of a § 8 tenancy. "The good cause standard . . . is flexible, taking its shape from the particular facts to which it is applied. Good cause is distinct from good faith, although good faith is relevant in evaluating good cause." Id., 21.

In common usage, the term "good faith" has " 'a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation.' 35 C.J.S. 488 and cases cited. It has been well defined as meaning 'An honest intention to abstain from taking an unconscientious advantage of another, even through the forms or tech-

nicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious.' " *Phillipe* v. *Thomas,* 3 Conn. App. 471, 474–75, 489 A.2d 1056 (1985), quoting *Snyder* v. *Reshenk,* 131 Conn. 252, 257, 38 A.2d 803 (1944). It is a subjective standard of honesty of fact in the conduct or transaction concerned, taking into account the person's state of mind, actual knowledge and motives. Id., 475. Whether good faith exists is a question of fact to be determined from all the circumstances. See *Phillipe* v. *Thomas,* supra, 475–76; *Templeton Arms* v. *Feins,* supra.

Applying these standards, we conclude that the court impliedly found that the plaintiff had a good faith desire for a higher rent. Although the court did not explicitly state that the plaintiff's desire for a higher rate was held in good faith, it did describe the evidence of that desire as "overwhelming." Furthermore, as disclosed by our reading of the trial record, the plaintiff did not dispute the defendant's claim that a showing of a good faith desire for a higher rent was required; the plaintiff argued that the evidence established such a desire. In the light of this posture of the case as tried, we read the court's articulation as containing an implicit finding that there was a good faith desire by the plaintiff for a rent higher than was afforded under the § 8 program.

That finding was not clearly erroneous. As the defendant argues, there was evidence that would have justified a finding that the plaintiff's stated desire for a higher rent was pretextual, was not held in good faith, and was motivated solely by a desire to withdraw the defendant's apartment from the § 8 program without regard to the amount of rent. There was also evidence, however, from which the court could, and did, find that

the defendant desired in good faith to rent the defendant's apartment for more money than the § 8 program afforded.

There is no error.

In this opinion the other judges concurred.

