[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
The plaintiffs have moved for summary judgment as to the complaint and defendant Moshovos's counterclaim. The defendant Kuzmak moves by cross-motion for summary judgment.
The plaintiffs in the present action are Lewis I. and Beatrice S. Case. The defendants are Emmanuel D. Moshovos (hereinafter "Moshovos") and Richard P. Kuzmak (hereinafter "Kuzmak"). On May 27, 1992, the court, Hennessey, J., granted defendant Kuzmak's motion to file a cross-complaint against Sablone and a third-party complaint against William Murray (hereinafter "Murray"). On April 22, 1993, the plaintiffs CT Page 3813 withdrew their complaint as to Francis R. Sablone (hereinafter "Sablone").
On March 29, 1993, the plaintiffs filed a six-count substitute complaint in which the following facts are alleged: By note dated April 1, 1980, Moshovos, Kuzmak, and Sablone promised to pay $171,000.00, plus interest as provided by the note's terms, to the order of the plaintiffs. The note was secured by a mortgage, executed by Moshovos, Kuzmak, and Sablone, on real property owned by them in Wethersfield, Connecticut. The terms of the note required Moshovos, Kuzmak, and Sablone to make monthly payments and contained a waiver of their right to prior notice and a hearing as to any legal action between them and the holder of the note. When Moshovos, Kuzmak, and Sablone failed to make the required payments, the plaintiffs, pursuant to the terms of the note, declared the entire debt due. The defendants have failed to pay the amount owed on the note, in turn proximately causing damages to the plaintiffs. In addition, the defendants have been unjustly enriched by their failure to satisfy this debt.
On October 25, 1993, Moshovos filed an amended answer, seven special defenses and a four-count counterclaim. In his answer, Moshovos admits to signing the note, but denies that he has refused to pay sums due under the note. In his first and second special defenses, Moshovos asserts that the plaintiffs' claims are barred by the statute of limitations and that the plaintiffs failed to apprise him of his rights under the note's terms and that, by this nondisclosure, the plaintiffs fraudulently induced Moshovos to execute the note and the mortgage.
In his third special defense, Moshovos asserts the following: On March 31, 1983, he transferred his one-third interest in the property to Sablone and Kuzmak. On November 11, 1987, the plaintiffs executed a subordination agreement in favor of Society for Savings, by which the mortgage granted by Moshovos, Kuzmak, and Sablone was subordinated to a mortgage executed by Case, Sablone, and Murray in favor of Society for Savings. Society for Savings subsequently foreclosed on the property and legal title thereto vested in Society for Savings in July 1992. Defendant Moshovos asserts that the plaintiffs, in subordinating the first mortgage, breached the implied covenant of good faith and fair dealing. CT Page 3814
In the fourth, fifth, sixth, and seventh special defenses, Moshovos alleges that the plaintiffs fraudulently induced him into transferring his property and "not interfering with the plaintiffs' Subordination Agreement"; the plaintiffs are estopped from enforcing their rights under the note; the plaintiffs' conduct violated the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"); and the plaintiffs have an adequate remedy at law and, therefore, cannot pursue a claim for unjust enrichment.
In Moshovos's four-count counterclaim, the following facts are alleged: During the negotiations for the note and at the closing, the plaintiffs' right to subordinate the mortgage was not discussed. On March 30, 1983, Moshovos transferred his interest in the property to Sablone and Kuzmak in exchange for a general release. On November 11, 1987, the plaintiffs, without notice to or consent from Moshovos, by agreement with Society for Savings, subordinated the earlier mortgage to another mortgage on the property in favor of Society for Savings for $1,350,000.00. Defendant Moshovos asserts that these allegations give rise to claims for bad faith, the breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and a violation of CUTPA.
On June 24, 1992, Kuzmak filed an answer and two special defenses; on December 21, 1992, Kuzmak amended his answer to add a third special defense. In his first and second special defenses Kuzmak alleges the following: On April 1, 1985, he transferred all of his interest in the property to Sablone and Murray. When Society for Savings foreclosed on the property in 1992, the amount of the debt owed on that mortgage exceeded the value of the property itself, thus rendering the mortgage executed by Sablone, Kuzmak, and Moshovos valueless. Kuzmak asserts that, in failing to inform him of the subordination agreement, the plaintiffs breached the implied covenant of good faith and fair dealing and violated CUTPA. In his third special defense, Kuzmak alleges that Sablone and Murray had arranged for a loan with Society of Savings for an amount of $1,500,000.00, funds of which could have been used to satisfy the debt owing on the none, this mortgage was to be secured by a new mortgage on the property. Kuzmak alleges that the plaintiffs rejected this plan, however, informing Sablone and Murray that they wanted the note to be paid off monthly in accordance with its terms and that they wanted to subordinate the existing mortgage to a new mortgage in favor of Society CT Page 3815 for Savings. Kuzmak claims that on November 11, 1987, the plaintiffs entered into a subordination agreement with Society for Savings, without the knowledge or consent of Kuzmak, allowing Sablone and Murray to enter into a $1,350,000.00 mortgage agreement which took priority over the earlier mortgage. Kuzmak asserts that these actions "created and substituted a new debt and/or debtor and thereby discharged the Defendant . . . Kuzmak from any obligations under said original promissory note."
On August 9, 1993, the plaintiffs filed a motion for summary judgment as to the complaint and the counterclaim of defendant Moshovos; this motion was accompanied by a supporting memorandum of law and several exhibits, including a copy of the note, a copy of the mortgage deed, a copy of the subordination agreement, and the affidavits of the plaintiffs. On September 14, 1993, defendant Moshovos filed an objection to the plaintiffs' motion for summary judgment, along with a supporting memorandum of law and several exhibits, including the affidavit of Moshovos and a copy of the release. On October 25, 1993, the plaintiffs filed a memorandum of law in response to defendant Moshovos's objection to the plaintiffs' motion for summary judgment. On December 3, 1993, defendant Kuzmak filed an objection to the plaintiffs' motion for summary judgment and a cross-motion for summary judgment against the plaintiffs along with a supporting memorandum of law, the affidavit of defendant Kuzmak, and several other exhibits. On December 17, 1993, the plaintiffs filed a memorandum of law in response to defendant Kuzmak's objection to the plaintiffs' motion for summary judgment and cross-motion for summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. These rules also apply to counterclaims. Practice Book 379. In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party"; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist." Batick v. Seymour, 186 Conn. 632,647, 433 A.2d 471 (1988). CT Page 3816
Summary judgment, however, is not appropriate in all types of cases: "It is . . . apt to be ill adapted to cases of a complex nature . . . which often need the full exploration of a trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 596 (1969). "It is also well-recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Id., 376. Under this test, "questions about motive, intent and good faith should not be resolved by summary judgment. . . ." Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 451-52,477 A.2d 653 (1984). Note, however, that the Connecticut Supreme Court has stated that "even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." (Citations omitted.) Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 255,618 A.2d 506 (1992).
In support of their motion for summary judgment on the complaint, the plaintiffs assert that there is no dispute that defendants Moshovos and Kuzmak signed the promissory note, the terms of which expressly permitted the plaintiffs to enter into a subordination agreement without notice to or the consent of the defendants, and undertook the obligation to pay the plaintiffs $170,000.00, plus interest. In his affidavit, plaintiff Lewis Case states that at no time did he or his wife make representations to defendant Moshovos as to Moshovos's transfer of interest and that neither he nor his wife asked Sablone and Murray to obligate themselves anew on the balance of the note; plaintiff Lewis Case also asserts that Moshovos was represented by counsel at the closing. Accordingly, the plaintiffs assert that there are no genuine issues of material fact as to the special defenses asserted by the defendants and as to defendant Moshovos's four-count counterclaim, and that, therefore, the plaintiffs are entitled to summary judgment as matter of law as to the complaint and the counterclaim.
In opposition to the motion for summary judgment, defendant Moshovos argues that the allegations raised in his special defenses, along with his affidavit establish that genuine issues of material fact exist as to the plaintiffs' complaint; specifically, defendant Moshovos points to his CT Page 3817 allegations of fraudulent inducement, misrepresentation, breach of the implied duty of good faith and fair dealing, a CUTPA violation, estoppel, and the defense of statute of limitations. Similarly, as to his counterclaim, defendant Moshovos asserts that genuine issues of material fact exist as to whether the plaintiffs violated CUTPA or engaged in misrepresentation or bad faith. In defendant Moshovos's affidavit, he asserts that he was not represented by counsel at the 1985 closing and that in August of 1987 he and plaintiff Lewis Case discussed "the transaction which is the subject of this lawsuit at length."
Similarly, in opposition to the plaintiffs' motion for summary judgment, defendant Kuzmak argues that genuine issues of material fact have been raised by his allegations that the plaintiffs breached the implied covenant of good faith and fair dealing, violated CUTPA, and discharged him from any obligations under the note through their actions. In defendant Kuzmak's affidavit, he states that at the time of the execution of the mortgage and the note, the parties intended that the mortgage would always remain first in priority and that there would be no subordination unless all parties agreed.
Between the original parties to a promissory note, it "is nothing more than a written contract for the payment of money. . . . [and] the fundamental rules governing contract law are applicable." (Citations omitted.) Appliances, Inc. v. Yost,181 Conn. 207, 210-11, 435 A.2d 1 (1980); see Hartford Federal Savings Loan Assn. v. Green, 36 Conn. Sup. 506, 513,412 A.2d 709 (App. Sess. 1979) ("A promissory note is, in its essential form, a contract, and basic principles of contract law apply to its making and interpretation."). The plaintiffs and the defendants are the original parties to the promissory note. Thus, fundamental rules of contract law apply in construing and enforcing its terms.
All contracts bear the implied covenant of good faith and fair dealing "requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Citation omitted.) Habetz v. Condon,224 Conn. 231, 238, 618 A.2d 501 (1992). "Whether good faith exists is a question of fact to be determined from all the circumstances." (Emphasis added.) Kendzierski v. Goodson,21 Conn. App. 424, 430, 574 A.2d 249 (1990). The allegations CT Page 3818 contained in the defendants' special defenses, in which they assert a breach of the implied covenant of good faith and fair dealing, combined with the representations made by the defendants in their affidavits, establish that genuine issues of material fact exist as to their liability on the note.
In addition, defendant Moshovos has alleged fraud in the inducement as a special defense. "Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed." (Citations omitted; internal quotation marks omitted.) Billington v. Billington, 220 Conn. 212, 217,595 A.2d 1377 (1991). An action for fraud consists of the following elements: "(1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Citations omitted.) Id. Defendant Moshovos's allegations of fraud, contained in his special defenses, counterclaim, and affidavit, raise factual issues as to the plaintiffs' intent and motive concerning the note. "Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, supra, 376.
The parties' affidavits, combined with the factual allegations contained in the pleadings, establish that the present action involves complex issues and questions of motive and intent that are not susceptible to a motion for summary judgment. Accordingly, the plaintiffs' motion for summary judgment (#146) as to the complaint and defendant Moshovos's counterclaim is denied. Similarly, for the reasons stated, the existence of genuine issues of material fact preclude the granting of defendant Kuzmak's cross-motion for summary judgment (#162). Accordingly, defendant Kuzmark's [Kuzmak's] cross-motion for summary judgment is denied.
Mary R. Hennessey, Judge