[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#107)
CT Page 3083
 I. Immunity Under General Statutes § 17a-101e
The defendants argue that they are immune from liability for their actions taken pursuant to the mandatory reporter statute. The plaintiffs argue that the evidence in this case "provides a basis sufficient for a jury to conclude that the defendants had no `reasonable cause' under [§] 101a and could not have reasonably believed that there was such cause."
General Statutes § 17a-101a requires that teachers and other mandated reporters listed in § 17a-101 (b) who have "reasonable cause to suspect or believe that any child under the age of eighteen years has been abused . . . or has had nonaccidental physical injury . . . inflicted upon him by a person responsible for such child's health, welfare or care . . . is placed at imminent risk of serious harm by an act or failure to act on the part of such person, or has been neglected" shall report to the DCF. General Statutes § 46b-120 (8), which is incorporated by reference into § 17a-101a, provides that "a child or youth may be found `neglected' who (A) has been abandoned or (B) is being denied proper care and attention, physically, educationally, emotionally or morally or (C) is being permitted to live under conditions, circumstances or associations injuries to his well-being, or (D) has been abused."
Section 17a-101e (b) states that "[a]ny person, institution or agency which, in good faith, makes, or in good faith does not make, the report . . . shall be immune from any liability, civil or criminal, which might otherwise be incurred or imposed. . . ." "The legislature, in § 17a-101 (a), expressed an important public policy concern when it required certain `mandated reporters' to inform state authorities of suspected child abuse. But § 17a-101e (c) provides civil immunity for making such a report only when it is made `in good faith.'" Doe v. Julia DayNursery, Superior Court, judicial district of Ansonia Milford at Milford, Docket No. 629198 (November 16, 1998). The law has not defined "good faith" in this context with any degree of specificity, however. See id. "In common usage, the term good faith has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation." "It is a subjective standard of honesty of fact in the conduct or CT Page 3084 transaction concerned taking into account the person's state of mind, actual knowledge and motives. Whether good faith exists is a question of fact to be determined from all of the circumstances. (Internal quotation marks omitted) Kendzierski v.Goodson, 21 Conn. App. 424, 574 A.2d 249 (1990). It remains so here. This is an issue historically reserved for the trier of fact. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 376 (1969).
 II. Sovereign Immunity
The defendants argue that they are immune because they act as agents of the state when carrying out the mandate of the mandatory reporter law. The plaintiffs argue in response that as a municipal body, the board of education cannot be deemed an agent of the state, and that Biddle, as a municipal employee, cannot be construed as a state agent.
"We have long recognized the common-law principle that the state cannot be sued without its consent. . . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Citations omitted; internal quotation marks omitted.) Krozser v. New Haven, 212 Conn. 415, 420, 562 A.2d 1080
(1989). "[T]he furnishing of education for the general public, required by article eighth, § 1, of the Connecticut constitution, is by its very nature a state function and duty. . . . This responsibility has been delegated to local boards which, as agencies of the state in charge of education in the town . . . possess only such powers as are granted to them by the General Statutes expressly or by necessary implication." (Citation omitted; internal quotation marks omitted.) Campbell v. Board ofEducation, 193 Conn. 93, 96-97, 475 A.2d 289 (1984); see alsoPacker v. Board of Education, 246 Conn. 89, 104, 717 A.2d 117
(1998).
Here, the defendants acted pursuant to the state's mandatory reporter statute, General Statutes § 17a-101 et seq. Because the statute itself provides for immunity in § 17a-101e, this immunity provision controls as an expression of a limitation on sovereign immunity because the state may only be sued with itsconsent. See Krozser v. New Haven, supra, 212 Conn. 420. Here, the state has consented to suit where its agents (the mandatory reporters) act without "good faith." General Statutes § CT Page 308517a-101e. Therefore, the defendants are not shielded by the doctrine of sovereign immunity, but are instead protected by General Statutes § 17a-101e.
 III. Governmental Immunity
The defendants further argue that the plaintiffs' action is barred by the doctrine of governmental immunity. The plaintiff argues in opposition that the defendants acted with malice in performing their discretionary functions, thus precluding them from claiming governmental immunity.
Local boards of education act on behalf of municipalities, rather than the state, when carrying out the municipal function of "maintaining control over the public schools within the municipalities' limits." Connecticut Assn. of Boards of Educationv. Shedd, 197 Conn. 554, 563, 499 A.2d 797 (1985). When acting for the municipality, the doctrine of governmental immunity, rather than the doctrine of sovereign immunity, applies. See, e.g., Purzycki v. Fairfield, 244 Conn. 101, 112, 708 A.2d 937
(1998). The Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v.Bridgeport Housing Authority., 208 Conn. 161, 170, 544 A.2d 1185
(1995).
In this instance, the defendants did not act pursuant to their municipal duties, but instead acted pursuant to state statute. Hence, governmental immunity does not apply to the defendants' acts. See id. (distinguishing between governmental and sovereign immunity).
Furthermore, the allegations of this case escape the doctrine of governmental immunity regardless of the mandatory reporter statute. "[A] municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." Williams v. City of New Haven,243 Conn. 763, 767, 707 A.2d 1251 (1998). An exception to this rule exists "where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Elliott v. City of Waterbury, 245 Conn. 385, 411
n. 17, 715 A.2d 27 (1998). Because the factual issue here is whether Biddle acted with malice, the doctrine of governmental immunity would apply even in the absence of the mandatory reporter statute. CT Page 3086
Moreover the defendants cannot simultaneously argue as they have here, that the acts of those reporting were both discretionary and mandatory. Whether as mandatory., v their conduct was simply ministerial and therefore not protected by governmental immunity remains an unresolved question of fact.
The terms of Section 17a-101e control rather than either the doctrines of sovereign or governmental immunity.
The defendants' more pedestrian arguments fare no better. As to the plaintiff's claim for invasion of privacy based upon an unreasonable intrusion into their seclusion whether or not the defendants' conduct would have been highly offensive to a reasonable person remains for the trier of fact to determine. The doctrinal of fair comment is not applicable in this factual context. The plaintiffs are not public figures and their conduct did not affect the public welfare. Goodrich v. WaterburyRepublican American. Inc., 188 Conn. 107 (1982).
Reasonable minds can differ on whether the conduct of the defendants was extreme and outrageous to the degree that it would support a claim for the infliction of emotional distress. This issue also remains for the trier.
Summary Judgment is denied as to counts one, two and four.
Summary Judgment is granted as to count three without objection.
Joseph A. Licari, Jr. Judge of the Superior Court