[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #114 AND #116
 Facts and Procedural History
In December 1997, the plaintiffs, William and Cindy Schink, contracted to purchase property known as 239 Eden Road in Stamford, Connecticut. The party defendants are the sellers of the property, Eileen and Frank Baker, and Laurel Hill Septic Systems (Laurel Hill Defendants).[1] The plaintiffs' claims concern the size and function of the septic system servicing the property. They allege that both the property listing and the Bakers represented the property as a seven bedroom home. The plaintiffs engaged Laurel Hill Septic Systems to inspect, repair and bring up to code the septic system as part of the transaction prior to closing. The plaintiffs allege that both defendants knew that the septic system was suitable for only a three bedroom home. As a result, the plaintiffs avow that the defendants conspired to sign and have issued a Health Department permit which allegedly provides for an inadequate septic system. The plaintiffs allegedly relied on the claimed misrepresentations by the defendants in purchasing the property and were damaged as a result. The plaintiffs' complaint, filed on May 27, 1999, contains causes of action for fraud, detrimental reliance, breach of the implied covenant of good faith and fair dealing, CUTPA, breach of contract, civil conspiracy and negligence.
On September 28, 1999, both defendants filed motions to strike and the plaintiffs filed objections thereto on October 11 and 12, 1999. This court notes that the form of those motions to strike did not comply with Practice Book § 10-41[2] The defendants chose to withdraw their CT Page 8295 motion to strike and filed second motions to strike on January 20 and 27, 2000 which are currently before the court. The plaintiffs contend, procedurally, that filing a second motion to strike in this instance is improper and that therefore the motions should be denied. Although "Connecticut appellate courts have not decided whether a party can file a second motion to strike after the party's first motion to strike was denied based on Practice Book 154. . . . several Superior Court decisions have held that Practice Book § 154 [Now § 10-41] . . . does not prohibit [a party] from filing a second motion to strike." (Internal quotation marks omitted.) D.A.N. Joint Venture II v. Tunxis ManagementCo., Superior Court, judicial district of Hartford, Docket No. 567959 (December 8, 1998, Peck, J.). See also Knickerbocker v. VillageApartments Properties, Inc., Superior Court, judicial district of Litchfield, Docket No. 058389 (September 23, 1992, Pickett, J.); FirstCounty Bank v. Graybar, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148461 (May 7, 1996, Hickey,J.); Chinnici v. Breakwater Key, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295110 (August 8, 1995, Tobin,J.); Gillette v. Town of New Milford, This court did not deny the defendants' initial motions to strike. Moreover, the plaintiffs stated in their most recent memorandum in opposition to the motions that if this court finds § 10-41 does not prohibit the filing of a second motion to strike, that they re-assert their arguments from their original memoranda in opposition. Therefore, this court will consider the defendants' motions to strike on the merits.
The function of the motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors, Inc. v. Disco Corp., 231 Conn. 381,384. 650 A.2d 153 (1994). The test is whether the allegations of the complaint would state a claim upon which relief can be granted. Practice Book § 10-39; Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiffs. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). The facts must be viewed "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Cotto v. United TechnologiesCorp., 48 Conn. App. 618, 624, 711 A.2d 1180 (1998).
The defendant Bakers move to strike count one arguing that an action for fraud has not been pled with sufficient specificity. The defendants contend that this count lacks specific facts that demonstrate who made misrepresentations and when they were made. The plaintiffs maintain that there are adequate facts alleged for a cause of action in fraud. "The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue CT Page 8296 and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Weisman v. Kaspar, 233 Conn. 531,539, 661 A.2d 530 (1995). Applied here, construing the complaint in favor of the plaintiffs, the allegations are sufficient to state a cause of action in fraud for which relief may be granted. The plaintiffs claim the Bakers represented to them the home was for six to eight bedrooms. This court can imply from the tenor of the remaining allegations that this also concerned the septic system. Moreover, the plaintiffs satisfy the other elements of pleading a cause of action in fraud because they allege that the defendants knew the factual representations were false, that the defendant did so to induce them into purchasing the property and that such purchase has resulted in harm. Therefore, the defendant Bakers' motion to strike count one is hereby denied.
The defendant Bakers move to strike count four contending that an action for detrimental reliance or promissory estoppel cannot be brought when a valid contract exists. The defendants argue that the plaintiffs made no claim that the real property contract is invalid, and therefore, the plaintiff may not assert an action for detrimental reliance. In opposition, the plaintiffs maintain that they are entitled to plead alternative theories and that the allegations are sufficient for a cause of action in detrimental reliance. "There is no cause of action technically designated as detrimental reliance. What [the plaintiff] has in mind is an action for promissory estoppel, which is itself a form of breach of contract action. . . . This nominal quibble is not itself fatal to [the plaintiff's] cause." (Citation omitted.) Janicki v. Hospital ofSt. Raphael, 46 Conn. Sup. 204, 210, 744 A.2d 963 (1999). "[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party change its position in reliance on those facts, thereby incurring some injury . . . It is the burden of the party asserting a claim of estoppel to establish the existence of the elements essential to an estoppel . . . and whether that burden has been satisfied in a particular case is an issue of fact." (Citations omitted; internal quotation marks omitted.) Middlesex MutualAssurance Co. v. Walsh, 218 Conn. 681, 699, 590 A.2d 957 (1991). Applied here, after reviewing the complaint, the plaintiffs have stated a claim for promissory estoppel upon which relief may be granted. The plaintiffs sufficiently allege that the defendants intended their representations concerning the home and septic system to induce the plaintiffs into buying the subject property. The plaintiffs clearly changed their position when they purchased the home in reliance upon those representations, allegedly sustaining injury. Therefore, the defendant Bakers' motion to strike count four is hereby denied. CT Page 8297
The defendant Bakers move to strike count five on the ground that it does not state a cause of action for breach of the implied covenant of good faith and fair dealing. The defendants maintain that breach of the covenant of good faith and fair dealing does not exist when the proposed allegations arise out of the same facts and basis that constitute a breach of contract claim. The plaintiffs assert that this count embraces a different claim than that of breach of contract because a separate duty was owed to the plaintiffs by the defendants to repair and upgrade the septic system during the executory phase of the contract. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231,238, 618 A.2d 501 (1992). "In common usage, the term `good faith' has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation. . . . It has been well defined as meaning "An honest intention to abstain from taking unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious.'" (Citation omitted; internal quotation marks omitted.) Kendzierski v. Goodson, 21 Conn. App. 424, 429-30,574 A.2d 249 (1990). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Habetz v. Condon, supra, 224 Conn. 237. Here, the plaintiffs state a cause of action for breach of the implied covenant of good faith and fair dealing. The plaintiffs are claiming much more than negligence here. The posture underlying the complaint, including count five, is one of fraud and misleading representations on the part of the defendants which implies bad faith. Therefore, the defendant Bakers' motion to strike count five is hereby denied.
Both sets of defendants, the Bakers and Laurel Hill, move to strike count six on the basis that the plaintiffs cannot maintain a cause of action for civil conspiracy. The defendants set forth three alternative arguments: that the tort of civil conspiracy does not exist, that civil conspiracy cannot be based on the plaintiffs' other claims and that the plaintiffs fail to satisfy the elements of such a cause of action. The plaintiffs contend that a cause of action for civil conspiracy is sufficiently expressed and implied in the allegations of the complaint. The exact same issues were presented in Barber v. Glick, Superior Court, CT Page 8298 judicial district of Hartford at Hartford, Docket No. 589710 (January 20, 2000, Fineberg, J.). Through detailed research and analysis, that court held that civil conspiracy is a viable cause of action in Connecticut. Additionally, the Barber court discovered that the contention that a claim of civil conspiracy cannot stand when its allegations also form the basis for other causes of action is without precedent. See also Talit v. Peterson, 44 Conn. Sup. 490, 692 A.2d 1322
(1995); Conduah v. Herb Chambers, Superior Court, judicial district of Hartford, Docket No. 580919 (May 28, 1999, Peck, J.); Bardon Tool Manufacturing Co. v. The Torrington Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 473455 (October 31, 1996, Arena, J.); Mastroberti v. Centerbank, Superior Court, judicial district of Litchfield, Docket No. 052779 (November 16, 1990, McDonald, J.). The elements required to sustain a cause of action for civil conspiracy are: "(1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object. (4) which act results in damage to the Plaintiff." (Internal quotation marks omitted.)Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964 (1993). Applied here, the plaintiffs state sufficient facts and allegations to state a claim for civil conspiracy. The allegations amply declare there was a combination of the two defendants making supposed misrepresentations and then furthering these acts by submitting an application with such representations to the Health Department. As a result, the plaintiffs allegedly suffered significant damages. Therefore, the defendants, Bakers' and Laurel Hill's motions to strike count six is hereby denied.
The defendant Eileen Baker moves to strike count seven on the ground that the plaintiffs cannot maintain a cause of action for breach of contract. The defendant alternatively argues that the merger doctrine removes any breach of contract claim and that the plaintiffs fail to adequately allege a breach of contract. The plaintiffs counter by asserting that the repair and upgrade of the septic system was a contingent independent contractual duty that the defendant cannot discharge by virtue of the deed. The defendant relies on Knight v.Breckheimer, 3 Conn. App. 487, 489 A.2d 1066 (1985), in which a provision regarding the septic system in a purchase and sale agreement did not survive delivery of the deed. Based on Matyas v. Minck, 37 Conn. App. 321,655 A.2d 1155 (1995) and Arsenault v. Crossen Builders, Superior Court, judicial district of New London at Norwich, Docket No. 096791 (May 2, 1991, Leuba, J.), this court finds that Knight is not controlling on the issue presented by this motion to strike. First, whether this court finds that the septic repair and upgrade portion of the contract is independent of the deed is a question of fact. See Arsenault v. Crossen Builders, supra, Superior Court, Docket No. 096791. More significantly, the CT Page 8299 defendant here overlooks the fact that in this action the plaintiffs are not seeking to add to, subtract from or alter the terms of the written contract itself. They are claiming that they were induced to enter into the contract by misrepresentations of material facts. This action is concerned with material misrepresentations in the inducement of the contract. See Matyas v. Minck, supra, 37 Conn. App. 336 (holding that the doctrine of merger did not apply when material misrepresentation was involved). Indeed, applied here, since the plaintiffs incorporate all preceding allegations into all successive counts, paragraph seven of count one of the complaint is paramount when it states that the defendants' representations were made "prior to signing the contract of sale." (Emphasis added.) Accordingly, the doctrine of merger does not apply in this context of misrepresentation. Moreover, "[i]n pleading an action for breach of contract, [the] plaintiff must plead: (1) the existence of a contract or agreement; (2) the defendant's breach of the contract or agreement; and (3) damages resulting from the breach." MGA,Inc. v. Goellner, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154820 (December 16, 1997, Karazin, J.). Examining the face of the complaint and construing the allegations in favor of the pleader, the plaintiffs state sufficient facts to allege a breach of contract. Therefore, the defendant Eileen Baker's motion to strike count seven is hereby denied.
The defendant Laurel Hill moves to strike count eight on the ground that it fails to state a claim for negligence upon which relief can be granted. The defendant asserts that there are insufficient facts alleged to constitute a cause of action in negligence. The plaintiffs contend that a septic installer has an independent duty which gives rise to a suit in negligence. "As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, [a court should] not conclude that the complaint is insufficient to allow recovery." Normand Josef Enterprisesv. Connecticut National Bank, 230 Conn. 486, 496, 646 A.2d 1289 (1994). Here, count eight contains all the previous factual allegations by incorporation in addition to the language that alleges the elements of negligence. Hence, the defendant is put on sufficient notice that it had a duty to undertake septic work in accord with state and local law, that it allegedly breached that duty and such breach allegedly caused harm to the plaintiffs. Therefore, the defendant Laurel Hill's motion to strike count eight is hereby denied.
 Conclusion
Wherefore, for all the reasons set out above, the defendants' motions to strike counts one, four, five, six, seven and eight of the plaintiffs' complaint are hereby denied. CT Page 8300
KARAZTN, J.