[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 120
CT Page 923
The plaintiff, Francois Goellner (Goellner), brought a ten count complaint against MGA, Inc. (MGA) and its president, Michael Caradimitropoulo (Caradimitropoulo), (collectively known as the defendants), for payment of back wages and damages owed to Goellner by the defendants. In his complaint of April 2, 1998, Goellner alleges the following pertinent facts: on or about August 1, 1994, Goellner entered into a written service contract with the defendants. Goellner provided services to the defendants pursuant to the contract. In April 1996, Goellner gave notice and resigned his position with MGA. Goellner requested wages owed to him, but was not compensated by the defendants for his services rendered from March through April 1996. Goellner made repeated demands to the defendants for payment. On or about September 16, 1996, Goellner filed a complaint with the United States Department of Labor (DOL). In October 1996, the defendants allegedly retaliated by bringing a breach of contract suit against Goellner and his subsequent employer, ACSYS, Inc. (ACSYS), in the Connecticut Superior Court. (Plaintiff's memorandum, Exh. M.)
Based on these facts, Goellner alleges the following causes of action: (1) breach of contract as to MGA; (2) failure to pay wages in violation of Connecticut General Statutes § 31-70 et seq. as to MGA; (3) retaliation as to MGA; (4) interference with economic or business relations as to MGA; (5) breach of contract as to Caradimitropoulo; (6) failure to pay wages in violation of Connecticut General Statutes §31-70 et seq. as to Caradimitropoulo; (7) retaliation as to Caradimitropoulo; (8) interference with economic or business relations as to Caradimitropoulo; (9) breach of Connecticut General Statutes §31-51q against MGA and Caradimitropoulo; and (10) breach of the implied covenant of good faith and fair dealing against MGA and Caradimitropoulo.
On October 7, 1998, the DOL found that MGA failed to pay Goellner his wages in violation of federal law.[1] (Plaintiff's memorandum, Exh. O.) In December 1998, MGA and the DOL entered into a consent decree. As part of the decree, MGA agreed to pay Goellner $17,160.76 in back wages. (Plaintiff's memorandum, Exh. P.) Goellner alleges that Caradimitropoulo and MGA never complied with the consent decree. Subsequently, on August 9, 2000, two more judgments by the DOL were entered against the defendants in order to enforce the consent decree. (Defendants' memorandum, Exh. 2 and 3.) The last of these judgments by the DOL was a stipulation between the DOL and the defendants providing that the defendants would pay Goellner $20,000 in monthly installments. (Defendants' memorandum, Exh. 3.) CT Page 924
On August 14, 2000, Goellner moved for summary judgment on counts one, two, three, four, five, six, seven, eight and ten of the complaint arguing that no genuine issues of material fact are in dispute and that Goellner is entitled to judgment as a matter of law on these counts. On September 22, 2000, the defendants filed an objection to Goellner's motion for summary judgment.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
A. Counts One and Five: Breach of Contract
As to count one, Goellner argues that because Caradimitropoulo admits in his deposition testimony that the defendants breached their contract with Goellner, Goellner is entitled to summary judgment as a matter of law against MGA. (Plaintiff's memorandum p. 20-22, Exh, Q, Caradimitropoulo Dep., pp. 33-34, 37-39, 43-44, 69.) In response, the defendants argue that the federal stipulated judgment fully compensates Goellner for any breach by the defendants. (Defendants' memorandum, Exh. 3.)
"When parties to a lawsuit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon controverted facts. . . .[A] stipulated judgment may not be extended beyond the agreement entered into. . . .It is usually presumed, however, that the parties intended to settle all aspects of the controversy,including all issues raised by the papers comprising the record." (Emphasis in original; citations omitted; internal quotation marks omitted.) Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 48-49,526 A.2d 1329 (1987); see also ZML Stamford Atlantic Forum Ltd.Partnership v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132045 (March 4, 1998, Mintz,J.). CT Page 925
In the present case, the court does not know what issues were raised in the papers comprising the record which led to the stipulated judgment. The stipulated judgment simply states that consent is entered "without further pleading, trial or adjudication of or finding on any issue of law or fact." (Defendants' memorandum, Exh. 3.). Consequently, there is a federal stipulated judgment with no stated basis in law or finding of fact and no record has been supplied to this court to examine or to find dispositive. The court has no way of knowing if a common law claim for breach of contract was contemplated by the stipulated judgment and therefore, precluded in this present action. Additionally, there is a genuine issue of material fact in dispute as to the amount of damages, if any, Goellner is entitled to receive through its breach of contract claim in light of the federal judgment. See Becker v. Ford Motor Credit Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 082522 (January 10, 2000, Arena, J.) (court denied summary judgment with respect to damages in breach of contract claim as dispute over amount owed provided sufficient evidentiary basis to create genuine issue of material fact.) Consequently, Goellner has not met his burden of proving the absence of genuine issues of disputed material facts. Accordingly, Goellner's motion for summary judgment as to count one is hereby denied.
As to count five, Goellner argues that Caradimitropoulo is individually liable to Goellner for breach of contract as Caradimitropoulo has held himself out to be the alter ego of MGA. In response, the defendants argue that there is a genuine issue of material fact in dispute as to whether Caradimitropoulo is the ultimate authority at MGA and therefore, its alter ego.
"To hold a corporate officer personally liable for wrongdoing, there must be a sufficient factual basis for a court to pierce the corporate veil. . . .The corporate veil will be pierced when the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor." (Internal quotation marks omitted.)DeLeonardis v. Subway Sandwich Shops, Inc., 35 Conn. App. 353, 360 n. 3,646 A.2d 230, cert. denied, 231 Conn. 925, 648 A.2d 162 (1994). Piercing the corporate veil, or alternatively the alter ego theory, may be proven through the instrumentality rule or the identity rule. See ToshibaAmerica Medical Systems v. Mobile Medical Systems, 53 Conn. App. 484,489, 730 A.2d 1219; cert. denied, 249 Conn. 930, 733 A.2d 851 (1999). "The instrumentality rule requires . . . proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or CT Page 926 other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of" (Emphasis omitted; internal quotation marks omitted.) Id., 489-90.
Goellner argues that Caradimitropoulo meets the elements of the instrumentality rule. Goellner asserts that Caradimitropoulo completely controls MGA, had the ultimate responsibility to ensure that Goellner was paid in a timely fashion and did not do so, and Caradimitropoulo's breach of his duty to Goellner was the proximate cause of Goellner's loss. The defendants argue, however, that Caradimitropoulo does not meet the requirements of the instrumentality rule. The defendants maintain that while Caradimitropoulo was the sole stockholder of MGA, he shared responsibility for decisions concerning wages and payment. Additionally, the defendants argue that Caradimitropoulo never used MGA to perpetuate any dishonest or fraudulent actions against Goellner. The defendants support these arguments through the sworn affidavit of Caradimitropoulo. (Caradimitropoulo Aff., ¶¶ 15-17.) Accordingly, the court finds that there is a genuine issue of material fact in dispute as to whether Caradimitropoulo is the alter ego of MGA.
Furthermore, "[a]n inquiry [into the theory of alter ego] requires a complex factual analysis of the relationship between an individual and the corporation." McPherson v. Willette, Superior Court, judicial district of Tolland at Rockville, Docket No. 059684 (December 15, 1997,Sullivan, J.). "[S]ummary judgment is not well suited to the disposal of complex cases." Miller v. United Technologies Corp., 233 Conn. 732, 752,660 A.2d 810 (1995). Accordingly, Goellner's motion for summary judgment as to count five is hereby denied.
B. Counts Two and Six: failure to pay wages
In counts two and six of the complaint, Goellner alleges that the defendants failed to pay him his wages in violation of Connecticut General Statutes § 31-71b[2] and § 31-71c(a)[3] and therefore, owe him double damages under § 31-72g[4]. The defendants argue that they have already been penalized under the federal judgment and therefore, there is a genuine issue of material fact in dispute as to the amount of damages they are required to pay.[5] As this court has already determined, there is a genuine issue of material fact in dispute as to the amount of damages, if any, Goellner is entitled to in light of the federal judgment.[6] Consequently, Goellner's motion for summary judgment as to counts two and six is hereby denied.
C. Counts Three and Seven: retaliation
CT Page 927
In count three, Goellner alleges that MGA brought its breach of contract claim against Goellner and ASCYS in retaliation for Goellner's DOL complaint[7]. (Plaintiff's memorandum, Exh. Q, Caradimitropoulo Dep., pp. 38-40; 43-44.) MGA argues that the lawsuit against Goellner was brought with the intent of recouping damages from Goellner as a result of his leaving MGA in breach of their service agreement, and not with any bad faith intent on the part of MGA.
"Generally, issues involving motive or intent are not properly resolved on a motion for summary judgment." Union Trust Co. v. Jackson,42 Conn. App. 413, 419, 679 A.2d 421 (1996). "Intent is clearly aquestion of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case." (Emphasis added; internal quotation marks omitted.) Jacobs v. Shore, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139935 (May 23, 1996, Ryan, J.). Viewing the evidence in a light most favorable to Goellner, the court finds that disputed genuine issues of material fact exist as to whether MGA acted in bad faith and in a retaliatory fashion against Goellner. Consequently, Goellner's motion for summary judgment as to count three is hereby denied.
As to count seven, Goellner argues that Caradimitropoulo is individually liable for retaliation as the alter ego of MGA. Goellner also asserts that even if Caradimitropoulo is not MGA's alter ego, Caradimitropoulo should be held personally liable because he allegedly committed a tort as an officer of the corporation. Caradimitropoulo contends that he did not bring the law suit against Goellner predicated on any bad faith intent. (Caradimitropoulo AFF. ¶¶ 32-34.)
As the court has already determined, there is a genuine issue of material fact in dispute as to whether Caradimitropoulo is the alter ego of MGA.[8] Additionally, regardless of whether Caradimitropoulo may be held individually liable for the retaliation claim, this court has found that issues of intent and motive are not appropriate for summary adjudication as they involve complex issues of fact. See Union Trust Co.v. Jackson, supra, 42 Conn. App. 413; Jacobs v. Shore, supra, Superior Court, Docket No. 139935. Accordingly, Goellner's motion for summary judgment as to count seven is hereby denied.
D. Counts Four and Eight: interference with economic or business relations
In count four, Goellner alleges that MGA intentionally interferred with Goellner's business relationship with ACSYS by filing a lawsuit against Goellner and ACSYS. Goellner asserts that he had a contract with ACSYS and that MGA was aware of the business relationship. Goellner further CT Page 928 argues that Caradimitropoulo brought the lawsuit because he was angry that Goellner had resigned from MGA and had filed a claim with the DOL. MGA responds that there is a genuine issue of material fact in dispute as to whether any tortious interference occurred, as it brought the action against Goellner and ACSYS on the belief that it was entitled to damages for Goellner's breach. Additionally, MGA argues that all the elements of tortious interference are not met as there is no evidence that Goellner suffered any harm as a result of the alleged tortious interference. (Caradimitropoulo Dep., Exh. 1, pp. 48-49.)
"The elements of tortious interference are [1] the existence of a contractual or beneficial relationship, [2] the defendants' knowledge of that relationship, [3] the intent to interfere with it, and [4] the consequent actual loss suffered by the plaintiff" (Internal quotation marks omitted.) Richards v. O'Neil, Superior Court, judicial district of Windham at Putnam, Docket No. 059813 (April 24, 2000, Sferrazza, J.). "[A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . .The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will, but intentional interference without justification." (Citations omitted; internal quotation marks omitted.) Daley v. Aetna Life Casualty Co., 249 Conn. 766, 806, 734 A.2d 112 (1999). This court has already found that questions of intent and motive are not appropriate for summary resolutions and therefore, it is inappropriate here as well. SeeUnion Trust Co. v. Jackson, supra, 42 Conn. App. 413; Jacobs v. Shore, supra, Superior Court, Docket No. 139935.
Furthermore, "it is an essential element of the tort of unlawful interference with business relations that the plaintiff suffers actual loss. . . .Therefore, in order to survive a motion for summary judgment the plaintiff must allege an actual loss resulting from the improper interference with [the plaintiff's] contract. . . .[T]he tort is not complete unless there has been actual damage suffered." (Citations omitted; internal quotation marks omitted.) Appleton v. Board ofEducation of Stonington, supra, 254 Conn. 213. "The absence of any actual loss is fatal to [the plaintiff's] claim for tortious interference with contractual relations." Id. Goellner has failed to present to the court any evidence of actual losses. Accordingly, Goellner's motion for summary judgment as to count four is hereby denied.
In count eight, Goellner alleges that Caradimitropoulo personally is liable for tortious interference of a business relationship because he is the alter ego of MGA. Furthermore, even if Caradimitropoulo is not MGA's alter ego, he allegedly committed the tort and therefore, may be held personally liable. As the court has already addressed these issues and CT Page 929 found them to involve genuine issues of material fact in dispute, Goellner's motion for summary judgment as to count eight is hereby denied.[9]
E. Count Ten: breach of the implied covenant of good faith and fairdealing
Finally, in count ten Goellner alleges that the defendants breached the covenant of good faith and fair dealing by failing to pay Goellner his wages.[10] (Caradimitropoulo Dep., p. 37-39, 43-44, 69, 97-99.) The defendants argue that the federal stipulated judgment awards Goellner the relief he is seeking and therefore, he is not entitled to any punitive damages which may be recoverable under this count. Additionally, the defendants argue that there is a genuine issue of material fact in dispute as to whether Goellner himself violated the implied covenant of good faith and fair dealing in his contract by leaving the employment of MGA.
"The determination of good faith involves an inquiry into the party's motive and purpose as well as actual intent." Phillipe v. Thomas,3 Conn. App. 471, 475, 489 A.2d 1056 (1985). "Whether good faith exists is a question of fact to be determined from all the circumstances."Kendzierski v. Goodson, 21 Conn. App. 424, 430, 574 A.2d 249 (1990). As this court has already determined, questions of intent and motive are not appropriate for summary adjudications. See Union Trust Co. v. Jackson, supra, 42 Conn. App. 413; Jacobs v. Shore, supra, Superior Court, Docket No. 139935. Accordingly, Goellner's motion for summary judgment as to count ten is hereby denied.
F. Conclusion
Goellner, as the moving party, has failed to meet his burden of proving that there are no disputed genuine issues of material fact in the counts of this case. See Appleton v. Board of Education, supra, 254 Conn. 209. Accordingly, Goellner's motion for summary judgment as to counts one, two, three, four, five, six, seven, eight and ten is hereby denied.
MINTZ, J.