[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Citicorp Mortgage, Inc., brings this action to foreclose a mortgage encumbering real property of the defendants, Howard and Mattie Gibson (Gibsons) located at 22 CT Page 4764 Mountain Laurel Drive, Waterbury. In its complaint, the plaintiff alleges that the monthly installments due under the note since May 1, 1998, have not been paid, and that the plaintiff has exercised its option to accelerate the debt.
In response, the Gibsons filed an answer and five special defenses. The plaintiff then filed a motion to strike the special defenses and the Gibsons withdrew the first and fifth special defenses but claim the other three.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ." Nowakv. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1999). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiff moves to strike the Gibsons' second, third, and fourth special defenses on the ground that they do not relate to the making, validity or enforcement of the note and mortgage, and therefore, these special defenses are not permitted in a foreclosure action. "In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note."Greenpoint Mortgage Corp. v. Ruisi, Superior Court, judicial CT Page 4765 district of Danbury, Docket No. 333106 (June 1, 1999, Moraghan,J.); GMAC Mortgage Corp. v. Nieves, Superior Court, judicial district of Stamford-Norwalk, Docket No. 164925 (January 29, 1999, Tobin, J.); see OCWEN Federal Bank FSB v. Weinberg,
Superior Court, judicial district of New London at New London, Docket No. 547629 (August 11, 1999, Mihalakos, J.). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction . . . Further, based on the same rationale, the defenses . . . cannot attack some action or procedure of the lienholder." OCWEN Federal Bank FSB v. Weinberg, supra, Superior Court, Docket No. 547629; GMAC Mortgage Corp. v.Nieves, supra, Superior Court, Docket No. 164925; City ofMiddletown v. 180 Johnson Road, Superior Court, judicial district of Middlesex at Middletown, Docket No. 082578 (January 6, 1998, Fineberg, J.).
The Gibsons allege in the second special defense that the plaintiff misapplied payments from them through the life of the loan to date, including disbursements from the plaintiff to third parties, and allege in the third special defense that the plaintiff refused the Gibsons' payments under the mortgage which cause the alleged default. Allegations of misapplied payments and failing to accept payments "all reference conduct of the plaintiff subsequent to the note and mortgage being executed. Where the defendant's special defenses attack the acts of the plaintiff during the course of their relationship . . . [t]hese are improper special defenses to a foreclosure action." (Internal quotation marks omitted.) OCWEN Federal Bank FSB v.Weinberg, supra, Superior Court, Docket No. 547629; seeGreenpoint Mortgage Corp. v. Ruisi, supra, Superior Court, Docket No. 333106 (Failure to apply payments is a special defense that primarily claims a breach of contract, and is improper in a foreclosure action). Clearly the second and third special defenses do not relate to the making, validity or enforcement of the note and mortgage, and therefore, the motion to strike those counts are granted. The Gibsons allege in the fourth special defense that the plaintiff breached the covenant of good faith and fair dealing. "The covenant of good faith and fair dealing has been recognized as a special defense in foreclosure actions." OCWEN Federal Bank FSB v. Weinberg,
supra, Superior Court, Docket No. 547629. Therefore, the fourth special defense will not be stricken on the basis that it fails CT Page 4766 to relate to the making, validity or enforcement of the note and mortgage.
Nevertheless, the plaintiff further moves to strike the Gibsons' special defenses on the ground that they fail to allege any facts in their support, and are therefore, legally insufficient. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp., 249 Conn. 1, 17,730 A.2d 1128 (1999). It is evident that the fourth special defense does not plead sufficient facts on its own. The Gibsons' claim that the fourth special defense pleads sufficient facts because it rests on the statements made in the previous special defenses. "Any statement of a matter of defense resting in. part upon facts pleading in any preceding statement in the same answer may refer to those facts as thus recited, without otherwise repeating them." Practice Book § 10-51. The second and third special defenses, however, cannot be relied upon because they have been stricken. Consequently, the motion to strike the fourth special defense is granted.
So ordered.
THOMAS G. WEST, J.