[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 14, 1999, the plaintiff, Citicorp Mortgage, Inc., commenced the instant action against the defendants, Howard and Mattie Gibson, seeking to foreclose the mortgage encumbering their property, located at 22 Mountain Laurel Drive in Waterbury. This mortgage secures a note from defendants to plaintiff in the original principal amount of $171,900. The plaintiff alleges that the defendants have defaulted on their monthly installments due under the note and that the defendants owe it the principal balance of $120,570.91, plus insurance premiums, interests, taxes, late charges, advances and expenses.
On August 19, 1999, the defendants filed an answer and special defenses. On April 28, 2000, this court, granted the plaintiff's motion to strike the defendants' second, third and fourth special defenses.[1]Citicorp Mortgage, Inc. v. Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (April 27, 2000, West, J.) (27 Conn. L. Rptr. 119). The court granted the motion to strike as to the second and third special defenses because they failed to relate to the making, validity or enforcement of the note and mortgage. The court granted the motion to strike as to the fourth special defense because the defendants failed to allege any facts in its support.
On May 12, 2000, the defendants filed an amended answer and special defense. On May 24, 2000, the plaintiff filed a motion for summary judgment on the grounds that no genuine issue of material fact exists as to the defendants' liability and that it is entitled to judgment as a matter of law. The plaintiff attached a memorandum of law pursuant to Practice Book § 11-10 and documentation along with a supporting affidavit pursuant to Practice Book § 17-46. On June 19, 2000, the defendants filed their memorandum in opposition to the plaintiff's motion for summary judgment, along with documentation and a supporting affidavit of Howard Gibson.
Practice Book § 17-49 provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "[A] material fact is one which will make a difference in the result of the case." (Internal quotation marks omitted.) Williams v. Best Cleaners,Inc., 237 Conn. 490, 500 n. 11, 677 A.2d 1356 (1996). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of CT Page 1298 substantive law, entitle [the party] to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, supra, 253 Conn. 386; see also Practice Book § 17-45. The existence of a genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence, and not by "[m]ere assertions of fact." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998).
The plaintiff moves for summary judgment on the basis that no genuine issues of material fact exist as to the defendants' liability, that is, their default in making the mortgage payment. In order to make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." WebsterBank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975 (1999) "[A] foreclosure complaint must contain certain allegations . . . includ[ing] allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right of foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief." (Internal quotation marks omitted.) New England Savings Bank v.Bedford Realty Corp., 246 Conn. 594, 610, 717 A.2d 713 (1998).
The plaintiff has provided copies of the mortgage deed and promissory note given by the plaintiff to the defendants on May 17, 1989. The plaintiff has alleged in both the complaint and the affidavit of Viji Iyer, the assistant secretary of the plaintiff, submitted in support of the motion for summary judgment, that the plaintiff is the owner and holder of the note and mortgage and that the defendants have defaulted on the note by virtue of nonpayment of the installments due on May 1, 1998 and each month thereafter. (Amended answer, ¶¶ 1-2; plaintiff's affidavit, ¶ 9). As a result, the plaintiff has made out its prima facie case and has shown the absence of any genuine issues of material fact as to liability.
"Because the plaintiff has made out its prima facie case, the motion for summary judgment will be granted unless at least one of the special defenses is valid." Homeside Lending, Inc. v. Haggerty, Superior Court, judicial district of New London at New London, Docket No. 551725 (May 19, 2000, Martin, J.). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § CT Page 129910-50. "Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment." Union Trust Company v.Jackson, 42 Conn. App. 413, 417, 679 A.2d 421 (1996). A special defense is legally insufficient if it contains allegations that are conclusory and contains no issuable facts to support it. Chase Mortgage Company v.Infurchia, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364821 (April 24, 2000, Mottolese, J.), citing Cavallo v.Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had been a valid lien." (Internal quotation marks omitted.) SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed . . . breach of the implied covenant of good faith and fair dealing . . . to be pleaded as special defenses. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note . . ." (Citations omitted; internal quotation marks omitted.)Mercantile Bank v. Hurowitz, Superior Court, judicial district of New Haven at New Haven, Docket No. 381091 (May 2, 2000, Celotto, J.); GreenPoint v. Klein, Superior Court, judicial district of Danbury, Docket No. 327058 (April 11, 2000, Moraghan, J.); Ocwen Federal Bank FSB v.Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547629 (August 1, 1999, Mihalakos, J.); see also FleetNational Bank v. Martin, Superior Court, judicial district of Waterbury, Docket No. 146930 (May 1, 1999, West, J.) ("defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense").
The plaintiff argues that no viable special defense exists because the amended special defense is entirely based on the three previously stricken special defenses. Opposing the motion for summary judgment, the defendants argue that the court should deny the motion because their amended special defense shows the existence of genuine issues of material fact as to their liability under the note and mortgage. Specifically, the amended special defense alleges breach of the covenant of good faith and fair dealing, supported by the following two allegations: "[t]he Plaintiff misapplied payments from the Defendants throughout the life of the loan its inception to the present date, including disbursements to the Plaintiff from third parties. The Plaintiff also refused the Defendants' payments prior to the declaration of default under the mortgage which caused the alleged default now alleged by the Plaintiff. By these acts, the Plaintiff breached the covenant of good faith and fair dealing with the Defendants." CT Page 1300
"The covenant of good faith and fair dealing has been recognized as a special defense in foreclosure actions." Ocwen Federal Bank FSB v.Weinberg, supra, Superior Court, Docket No. 547629. The two allegations in support of this special defense are, however, identical to the original second and third special defenses that have been stricken by the court's prior decision granting the motion to strike the original special defenses. See Citicorp Mortgage, Inc. v. Gibson, supra,27 Conn. L. Rptr. 120. The court struck those two special defenses on the ground that they did not attack the making, validity or enforcement of the note or mortgage. Id. "Allegations of misapplied payments and failing to accept payments all reference conduct of the plaintiff subsequent to the note and mortgage being executed. Where the defendant's special defenses attack the acts of the plaintiff during the course of their relationship . . . [t]hese are improper special defenses to a foreclosure action. (Internal quotation marks omitted.) Id., quoting Ocwen Federal Bank FSB v.Weinberg, supra, Superior Court, Docket No. 547629. For the same reason that the court struck the original special defenses, the two allegations are insufficient as a matter of law to support the amended special defense. Therefore, the court is of the opinion that it should grant the motion to strike because the amended special defense asserts a mere conclusion of law that is not supported by any facts alleged. NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The affidavit of the defendant Howard Gibson, submitted in support of the defendants' opposition to the motion, complains of the conduct of the plaintiff in processing the mortgage payment, disputes the amount due, and claims payment of arrearage after the declaration of acceleration. However, this affidavit is insufficient to show the existence of a genuine issue of material fact for the following reasons. First, the mere presence of the defendant's affidavit does not establish a genuine issue of material fact. The defendants' affidavit alleges that the defendants and their bankruptcy trustee made payments to the plaintiff on the arrearage of mortgage balances prior to the plaintiff declaring default. Payment is a special defense that must be specially pleaded pursuant to Practice Book § 10-50, which provides in part: "Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus . . . payment (even though nonpayment is alleged by the plaintiff) . . . must bespecially pleaded." (Emphasis added.) Absent a special pleading of payment, "the affidavit submitted by the defendant is inadmissible to show that the defendants have sufficiently complied with the payment terms of the note and mortgage." Citicorp v. Imbruce, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 730369 (March 17, CT Page 1301 2000, Hickey, J.). Therefore, the defendants' affidavit is inadmissible to prove payment because the defendants have not specially pleaded payment as a special defense. Second, even assuming the affidavit were admissible, because the facts submitted in the defendants' affidavit "address only the amount of the debt, they do not demonstrate that the plaintiff has no cause of action, and therefore fail to [establish a valid special defense because it] does not address the making, validity, or enforcement of the note or mortgage." (Internal quotation marks omitted.)Ocwen Federal Bank. FSB v. Stawski, Superior Court, judicial district of New London at New London, Docket No. 552683 (April 25, 2000, Martin,J.).[2] In the absence of a pleading that specifically alleges payment as a special defense, this affidavit is insufficient to establish a genuine issue of material fact.
As indicated by the foregoing, the amended special defense is legally insufficient because it fails to allege facts in its support and since the plaintiff has met its burden of showing the absence of any genuine issue of material facts as to the defendants' liability and has proven its entitlement to judgment as a matter of law, the plaintiff's motion for summary judgment is granted.
THOMAS G. WEST, J.